Benjamin **QUIRINDONGO PACHECO,**
Plaintiff, Appellant,

v.

Jose L. **ROLON MORALES,** et al., Defendants, Appellees.

No. 91–1369.

United States Court of Appeals,
First Circuit.

Heard Oct. 8, 1991.
Decided Jan. 3, 1992.

Raul Barrera Morales, for plaintiff, appellant.

Carlos Lugo Fiol, Asst. Sol. Gen., with whom Anabelle Rodriguez, Deputy Sol. Gen. and Jorge E. Perez Diaz, Sol. Gen., were on brief, for defendants, appellees.

Before CAMPBELL, Circuit Judge, BROWN * and BOWNES, Senior Circuit Judges.

PER CURIAM.

This is an appeal from a dismissal of a complaint in the District Court for the District of Puerto Rico. Plaintiff-appellant Benjamin Quirindongo Pacheco sued defendant-appellees Jose Rolon Morales, Victor L. Serrano and Mariano Reyes Mateo, all members of the Special Investigation Bureau of the Department of Justice of the Commonwealth of Puerto Rico under 42 U.S.C. § 1983 and local tort law. Plaintiff alleged that he was arrested without probable cause and prosecuted falsely and maliciously. After proper service on the defendants and no answer to the complaint, the district court clerk entered a default on the docket against the defendants. After a subsequent hearing, the court dismissed the complaint for failure to state a viable claim. Plaintiff appeals the dismissal of the complaint.

After an entry of default, a court may examine a plaintiff's complaint to determine whether it alleges a cause of action. In making that determination it must assume that all well pleaded factual allegations are true. *Au Bon Pain Corp. v.*

* Of the Fifth Circuit, sitting by designation.

*Artect, Inc.,* 653 F.2d 61, 65 (2d Cir.1981); *Danning v. Lavine,* 572 F.2d 1386, 1388 (9th Cir.1978); *Kelley v. Carr,* 567 F.Supp. 831, 840 (W.D.Mich.1983); *see also* 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688 at 447–48 (1983).

Under Federal Rule of Civil Procedure 55(b)(2) a court, in its own discretion, may hold a hearing to "establish the truth of any averment" in the complaint. In this circuit, we have stated that this is appropriate only if the court has made "its requirements known in advance to the plaintiff, so that [he] could understand the direction of the proceeding and marshall such evidence as might be available [him]." *McGinty v. Berenger Volkswagen, Inc.,* 633 F.2d 226, 229 (1st Cir.1980).

Upon examining the record in this case we find no indication that the district court gave notice to the plaintiff that it intended to investigate into liability at the hearing held after the entry of default. In the absence of such notice it was inappropriate for the district court to dismiss the complaint based on the lack of evidence adduced by the plaintiff at the hearing.

We therefore remand this case solely for another hearing on liability and damages in accordance with Rule 55(b)(2). After such a hearing the district court may either enter a judgment on default in accordance with Rule 55(b)(2) and award damages or dismiss the action for failure to state a viable claim.

*Remanded for further proceedings consistent herewith. Costs on appeal to appellant.*