73 F.3d 355
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Jose L. RODRIGUEZ, Plaintiff, Appellant,
v.
Judd J. CARHART, et al., Defendants, Appellees.
 No. 95-1345.
 United States Court of Appeals, First Circuit.
 Jan. 10, 1996.
 
 Jose L. Rodriguez on brief pro se.
 Walter B. Prince and Peckham, Lobel, Casey, Prince & Tye on brief for appellee Judd Carhart.
 George Criss on brief pro se.
 Lisa Poblocki and Dolores E. O'Neill on brief for appellee Robert Craig.
 Scott Harshbarger, Attorney General, and Elisabeth J. Medvedow, Assistant Attorney General, on brief for appellee Sydney Hanlon.
 Before CYR, BOUDIN and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jose Rodriguez appeals from a district court judgment dismissing his civil rights claim under 42 U.S.C. Sec. 1983, together with pendent state-law claims. His section 1983 claim charged that prosecutor Sydney Hanlon, defense counsel Judd Carhart, court officer Robert Craig, and court reporter George Criss conspired to ensure his conviction by unconstitutional means and to cover up their misconduct by withholding, losing or altering critical transcripts. We affirm the district court's dismissal ruling, in accordance with Heck v. Humphrey, 114 S.Ct. 2364 (1994), but remand to permit entry of a judgment of dismissal, without prejudice. See Guzman-Rivera v. Rivera-Cruz, 29 F.3d 3, 6 (1st Cir.1994).
 
 
 2
 The claim that defendants conspired to procure Rodriguez's conviction by unconstitutional means, and to cover up their actions, essentially challenges the validity of the underlying conviction. See Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir.1995) (per curiam) (dismissing, under Heck, Bivens claim that defendants conspired to ensure civil action plaintiff's conviction by fabricating testimony and other evidence in criminal trial); Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir.1994) (per curiam) (dismissing, under Heck, a Sec. 1983 claim that defendants had conspired to convict civil action plaintiff by providing ineffective assistance of counsel and withholding exculpatory evidence in criminal proceeding); Bell v. Peters, 33 F.3d 18, 19 (7th Cir.1994) (per curiam) (vacating, under Heck, a judgment on the merits of section 1983 plaintiff's claim that his criminal conviction had been procured by unconstitutional conduct; remanding for determination as to whether conviction had been overturned). The holding in Heck applies retroactively. See Abella, 63 F.3d at 1064; Boyd, 31 F.3d at 282 n. 2.
 
 
 3
 Since Craig and Criss had defaulted before the district court dismissed the present action, Rodriguez argues, citing Quirindongo Pacheco v. Rolon Morales, 953 F.2d 15 (1st Cir.1992), that he should have been notified that the court intended to review the sufficiency of the complaint against those defendants. Unlike in the Quirindongo case, id. at 16, neither prior notice nor an evidentiary hearing would have been useful to Rodriguez since Heck required dismissal of the damages claim as a matter of law.
 
 
 4
 Rodriguez argues that the claim against the court reporter should not have been dismissed, because the failure to deliver accurate transcripts was a "subissue" in the case and he cannot overturn his conviction without accurate transcripts.[1] Because Rodriguez alleged that the court reporter conspired with the other defendants to withhold, lose or alter transcripts necessary to show that his conviction is invalid, he is, in essence, challenging his conviction. See Sutton v. Lash, 576 F.2d 738, 746 (7th Cir.1978) (per curiam) (retrial is proper remedy for claimed loss of critical transcripts which preclude meaningful criminal appeal); see also Wilcox v. Miller, 691 F.2d 739, 741 & n. 4 (5th Cir.1982) (claim that defendants in civil suit conspired to alter criminal trial transcripts to assure an affirmance of civil plaintiff's criminal conviction on appeal "would seem" to challenge validity of criminal conviction); accord Tedford v. Hepting, 990 F.2d 745 (3d Cir.), cert. denied, 114 S.Ct. 317 (1993) (similar). Consequently, Heck applies.
 
 
 5
 Since the Rodriguez conspiracy claim also challenges the validity of his conviction, the claim for declaratory relief was properly dismissed as well. See Abella, 63 F.3d at 1066 (dismissing Bivens action for declaratory relief against defendants, who allegedly conspired to convict plaintiff, on ground that habeas relief is exclusive remedy, per Preiser v. Rodriguez, 411 U.S. 475 (1973)). Moreover, the claim for injunctive relief against the court reporter is moot since it is undisputed that the suppression hearing tape had been lost and that the defendant court reporter turned the voir dire hearing tape over to a different court reporter who prepared and delivered to Rodriguez a transcript based on the latter tape. See DeLancy v. Caldwell, 741 F.2d 1246, 1247 (10th Cir.1984) (per curiam) (Sec. 1983 claim for injunctive relief directing preparation of trial transcripts mooted because defendant had provided transcripts to plaintiff after suit was filed).
 
 
 6
 As the premature section 1983 claims were properly dismissed, we direct that the district court judgment be modified so as to dismiss both the section 1983 claims and the pendent state-law claims against all defendants, without prejudice. No costs.
 
 
 7
 So ordered.
 
 
 
 [1]
 Rodriguez may be suggesting that the delay in providing transcripts violates his due process right to a speedy appeal and that such a claim should not be dismissed under Heck. See, e.g., Harris v. Champion, 51 F.3d 901, 906, 909 (10th Cir.1995) (considering Sec. 1983 claim for money damages alleging excessive delay in processing direct criminal appeals); but see United States v. Luciano-Mosquera, 63 F.3d 1142, 1158 (1st Cir.1995) (analyzing merits of underlying appeal from conviction to determine prejudice resulting from appellate delay). Because this claim was not squarely presented to the district court, we deem it waived for present purposes. See United States v. Ocasio-Rivera, 991 F.2d 1, 3 (1st Cir.1993). Yet another hurdle may loom in the path of any section 1983 claim for damages based on such a speedy-appeal claim. It may well be that Parratt v. Taylor, 451 U.S. 527, 541-44 (1981), would be implicated were it to appear that Massachusetts law affords Rodriguez an adequate post-deprivation remedy. See Campiti v. Commonwealth, 630 N.E.2d 596, 598 (Mass.1994)