107 F.3d 870
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anthony HARRISON, Plaintiff-Appellant,
v.
Judge Suzanne BAILEY; Raymond A. Neal; Brent Morris;
Harriett Wade; Karen Fletcher; Ruth Auls; Beth Lambert;
Judge Samuel Payne; Maxine Turner; Cumberland Hall
Psychiatric Hospital; Wanda Luttrell; Dr. Susan McGuire,
Defendants-Appellees.
 No. 95-6263.
 United States Court of Appeals, Sixth Circuit.
 Feb. 06, 1997.
 
 E.D. Tenn., No. 94-00172; Curtis L. Collier, Judge.
 
 
 1
 E.D.Tenn.
 
 
 2
 AFFIRMED.
 
 
 3
 Before: KENNEDY, NELSON, and GODBOLD,* Circuit Judges.
 
 ORDER
 
 4
 Anthony Harrison, a Tennessee resident, appeals pro se the dismissal of his complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Seeking three million dollars in damages, Harrison filed this complaint against Tennessee juvenile court and circuit court judges, employees of the Tennessee Department of Human Services, a psychiatric hospital, its medical director, and a doctor. The complaint alleged that the defendants had engaged in a conspiracy to deprive him of custody of his children without due process and had subjected him to double jeopardy, presumably when he both lost custody of his children and was prosecuted for child abuse. The district court granted the defendants' motions to dismiss for failure to state a claim. Harrison reasserts his arguments on appeal, and contends that he was entitled to a default judgment against the defendant psychiatric hospital and its medical director.
 
 
 6
 This court reviews dismissals under Fed.R.Civ.P. 12(b)(6) de novo. LRL Properties v. Portage Metro Hous. Auth., 55 F.3d 1097, 1103 (6th Cir.1995). Such dismissals will be affirmed where the plaintiff can prove no set of facts that would entitle him to the relief requested. Id. at 1100-01.
 
 
 7
 This complaint was properly dismissed because all of the defendants are absolutely immune. The juvenile and circuit court judges are entitled to absolute judicial immunity from damage claims based on their rulings in the custody proceedings. See Forrester v. White, 484 U.S. 219, 225-29 (1988). The same immunity extends to the remainder of the defendants as integral parts of the judicial process, including state employees who prosecute child neglect and delinquency petitions and medical professionals who provide information as witnesses in the proceedings. See Kurzawa v. Mueller, 732 F.2d 1456, 1458 (6th Cir.1984). Thus, Harrison's complaint was properly dismissed for failure to state a claim.
 
 
 8
 Finally, Harrison's argument that he was entitled to a default judgment against two of the defendants is meritless. The district court properly granted these defendants an extension of time in which to answer, for good cause shown. Default judgments would not have been proper due to the failure to state a claim against these defendants. See Quirindongo Pacheco v. Rolon Morales, 953 F.2d 15, 16 (1st Cir.1992).
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, United States Circuit Judge for the Eleventh Circuit, sitting by designation