Kenneth ECKER, Appellant–Defendant,

v.

ROCHESTER FORD NEW HOLLAND, INC., Appellee–Plaintiff.

No. 71A04–9708–CV–339.

Court of Appeals of Indiana.

April 17, 1998.

Daniel H. Pfeifer, Jon A. Criss, Sweeney, Pfeifer & Morgan, South Bend, for Appellant–Defendant.

---

Ted A. Waggoner, Peterson & Waggoner, Rochester, for Appellee–Plaintiff.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Kenneth Ecker appeals an order of judgment awarding Rochester Ford New Holland, Inc. exemplary damages under Ind. Code § 34–4–30–1. Ecker presents three issues challenging the damages awarded to Rochester Ford, and we address only one, which is dispositive: Whether sufficient evidence exists to support an award of treble damages, costs, and reasonable attorney fees under I.C. § 34–4–30–1.

We reverse and remand.

### STATEMENT OF THE FACTS

Kenneth Ecker telephoned Rochester Ford New Holland, Inc., a farm equipment business, for an estimate to install an overhaul kit on his Ford tractor. Rochester Ford gave Ecker an estimate of $1,400 for the overhaul kit and labor costs. On October 9, 1995, Ecker delivered his tractor to Rochester Ford. Gary Bradley, a mechanic with Rochester Ford, began working on the tractor. During the installation of the overhaul kit, other mechanical problems were discovered. Rochester Ford notified Ecker of the problems, and Ecker authorized Rochester Ford to install a used crank shaft, to repair the hydraulic system, and to replace a steering wheel column bearing and the oil pump.

On December 12, 1995, after completing the repairs, Rochester Ford sent an invoice to Ecker in the amount of $4,555. Ecker then called Rochester Ford complaining that the invoice was too high. Rochester Ford retained possession of the tractor pending payment by Ecker.

Ecker and James Straeter, the owner of Rochester Ford, agreed during a conversation that Ecker would pay $2,877 for the repairs on the truck and that Rochester Ford would deliver the tractor to Ecker's home.[1] Andrew Gardner, a Rochester Ford employee, was instructed to deliver the tractor, to collect the $2,877 from Ecker, and to give Ecker a receipt for the payment. The receipt to be given to Ecker provided that the total due was $2,877 and stated, "Pd in full, all balances owed @ Rochester FNH." (R. 185). Gardner was also instructed to write the check number in the space provided on the receipt.

Gardner used a pickup truck and a trailer to transport the tractor to Ecker's house. Although Gardner had trouble getting the tractor started, he eventually was able to drive the tractor off of the trailer and onto Ecker's property. Ecker expressed his dissatisfaction with the condition of the tractor and Rochester Ford's work. Gardner then gave the receipt to Ecker, who in turn took the receipt into his house and returned with a check for $2,100 enclosed in an envelope and the receipt. Gardner testified that he did not open the envelope to verify the amount of the check. Gardner then gave Ecker a carbon copy of the receipt.[2] At this point, the receipt retained by Gardner bore the check number of Ecker's check for $2,100. The receipt also reflected that $2,100 had been paid for the repairs. None of the witnesses at trial claimed to have any knowledge of how this additional information came to appear on the receipt.

After Gardner returned to Rochester Ford and gave Straeter the envelope, Straeter discovered that the check issued by Ecker was for $2,100, not $2,800. Straeter called Ecker, who acknowledged "that the check was for less than the receipt he had accepted and [he] wrote the check number—same check that's for $2,100 he wrote on the receipt for $2,877." (R. 19). Ecker testified that the payment of $2,100 was what he thought was adequate for Rochester Ford's work.

On May 9, 1996, Rochester Ford filed a complaint against Ecker. In Count I, Rochester Ford sought the remaining balance for the repairs on the tractor. In Count II of the complaint, Rochester Ford alleged that "Ecker intentionally made a false or misleading written statement with intent to obtain

---

1. Ecker testified that there was no agreement to pay $2,877.

2. Ecker's carbon copy of the receipt was not introduced into evidence.

property" and sought exemplary damages pursuant to Ind.Code § 34–4–30–1 for deception. Following a bench trial, the trial court issued an order, which reads in pertinent part as follows:

Trial having been had and both parties rest, the Court now finds for the plaintiff and against the defendant that plaintiff's actual damages are $777.00. Said damages should be trebled pursuant to IC 34–4–30–1 to an amount of $2,331.00 and that plaintiff is entitled to recover reasonable attorney fees in the amount of $700.00.

WHEREFORE, plaintiff shall have and recover of and from the defendant the sum of $3,031.00 together with the costs of the action.

(R. 35).

### DECISION

▮ In the absence of special findings, we review a trial court decision as a general judgment and, without reweighing evidence or considering witness credibility, affirm if sustainable upon any theory consistent with the evidence. *Perdue Farms, Inc. v. Pryor,* 683 N.E.2d 239, 240 (Ind.1997). In reviewing a general judgment, we must presume that the trial court correctly followed the law, and this presumption is one of the strongest presumptions applicable to our consideration of a case on appeal. *Bright v. Kuehl,* 650 N.E.2d 311, 313 (Ind.Ct.App.1995), *reh'g denied.* Further, the judgment should not be set aside unless clearly erroneous. *Pryor,* at 241; Ind.Trial Rule 52(A).

▮ Ecker contends that Rochester Ford failed to prove that he committed the offense of deception, and therefore the trial court had no basis to apply I.C. § 34–4–30–1. We must agree.

I.C. § 34–4–30–1 provides in pertinent part as follows:

If a person suffers pecuniary loss as a result of a violation of IC 35–43, IC 35–42–3–3, IC 35–42–3–4, or IC 35–45–9, the person may bring a civil action against the person who caused the loss for the following:

(1) An amount not to exceed three (3) times the person's actual damages.

(2) The costs of the action.

(3) A reasonable attorney's fee ....

To maintain an action under I.C. § 34–4–30–1, a party must prove by a preponderance of the evidence that the defendant committed one of the predicate criminal offenses enumerated in Ind.Code §§ 35–43, 35–42–3–3, 35–42–3–4 or 35–45–9, which caused the victim to suffer a pecuniary loss. *Browning v. Walters,* 616 N.E.2d 1040, 1045 (Ind.Ct.App. 1993), *reh'g granted in part on other grounds,* 620 N.E.2d 28. Rochester Ford's complaint alleged that Ecker committed criminal offense of deception under I.C. 35–43–5–3, which reads in relevant part:

(a) A person who:

* * * * * *

(2) knowingly or intentionally makes a false or misleading written statement with intent to obtain property, employment, or an educational opportunity ...

commits deception, a Class A misdemeanor.

Accordingly, this statutory definition requires proof of a false or misleading *written* statement.

In the present case, there are three instances of writing which may be attributable to Ecker. First, Ecker signed a check payable to Rochester Ford in the amount of $2,100, placed it into an envelope, and gave it to Gardner. There is no evidence that any information contained on the check was false or misleading. Second, there was evidence from which a trier of fact could conclude that Ecker wrote the check number in the space provided on the receipt. However, even if a trier of fact concludes that Ecker wrote the check number on the receipt, there is absolutely no evidence that the check number was false or misleading. Finally, the bottom of the receipt indicates that Ecker paid $2,100. Assuming Ecker wrote this figure on the receipt, it was neither misleading nor false as Rochester Ford acknowledged that it negotiated Ecker's check in the amount of $2,100. We find no evidence in the record from which a trier of fact could conclude that Ecker made a false or misleading written statement.

Nevertheless, Rochester Ford argues that the transcript is "full of evidence of the deception committed by the defendant." Rochester Ford's Brief at 3.[3] Rochester Ford places significant emphasis on the fact that Ecker placed his check in a sealed envelope before giving it to Gardner. However, even if Ecker placed the check inside a sealed envelope, that act does not make any written statement false or misleading. Gardner could have easily verified the amount paid by Ecker by opening the envelope and looking at the check or referring to the receipt. Rochester Ford also cites to oral communications made by Ecker. As we have already noted, the offense of deception requires proof of a false or misleading *written* statement. We therefore conclude that the trial court erred in awarding exemplary damages under I.C. 34–4–30–1.

We reverse and remand.

SHARPNACK, C.J., and HOFFMAN, J., concur.

---

**3.** We note the dispositive issue is not whether Rochester Ford was deceived by Ecker, but whether Ecker committed the criminal offense of deception.

