# United States Court of Appeals
## For the First Circuit

---

No. 00-2290

JUAN R. ORTIZ-GONZALEZ,

Plaintiff, Appellee,

v.

FONOVISA,

Defendant, Appellant.

---

No. 01-1004

JUAN R. ORTIZ-GONZALEZ,

Plaintiff, Appellee,

v.

DISTRIBUIDORA NACIONAL DE DISCOS, INC.,

Defendant, Appellant.

---

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, <u>U.S. District Judge</u>]

---

Before

Boudin, <u>Chief Judge</u>,

Kravitch,[*] <u>Senior Circuit Judge</u>,

---

[*] Of the Eleventh Circuit, sitting by designation.

and Torruella, _Circuit Judge_.

———————————

Irene M. Vera, with whom Alfredo Castellanos was on brief for appellant.

Rafael E. Silva-Almeyda, with whom Jésus R. Rabell-Méndez was on brief for appellee.

January 17, 2002

**KRAVITCH, Senior Circuit Judge.** In these consolidated cases involving copyright infringement, defendant-appellant Distribuidora Nacional de Discos, Inc., ("Distribuidora"), a distributor, appeals from the district court's judgment awarding statutory damages, raising the following issues: whether a distributor can be liable for copyright infringement where plaintiff has not established that the producer was guilty of copyright infringement, and whether it violated due process for a defaulting party to not be notified of a trial date or to not have a damages hearing. Defendant-appellant Fonovisa, the producer, appeals the district court's denial of its motion requesting attorney's fees.

## I. BACKGROUND

Juan R. Ortiz-Gonzalez allegedly authored and composed two songs, entitled "Si Así Tu Eres" and "Soy La Peregrina." These songs were included, without his permission, in an album entitled "De Vuelta Al Sabor" that was produced by Fonovisa, a Latin music record label. Fonovisa licensed the right of distribution of the album to Distribuidora, which then licensed the right to Distribuidora Aponte, Inc. ("Aponte").[*] After the album was distributed, Ortiz-Gonzalez filed a cause of action against Fonovisa, Distribuidora, and Aponte, alleging copyright

---

[*]Aponte is not a party in this appeal.

-4-

infringement under the Copyright Act, 17 U.S.C. § 101 et seq. (2001), and violations of the Lanham Act, 15 U.S.C. § 1051 et seq. (2001).

Fonovisa answered the complaint, but Distribuidora and Aponte never responded. Ortiz-Gonzalez proceeded to trial; Distribuidora and Aponte were not notified of the trial date. At trial, Ortiz-Gonzalez presented his evidence, then voluntarily dismissed the case against Fonovisa. Instead, Ortiz-Gonzalez pursued his cause of action against Distribuidora and Aponte, both of whom were in default.[**] Concomitant with the dismissal, the parties entered into an agreement that Fonovisa would not collect any award of attorney's fees or costs. The court found Fonovisa's request for attorney's fees moot due to the agreement.

Following the trial, Ortiz-Gonzalez filed a post-trial memorandum on the liability of Distribuidora and Aponte and requested an award of damages. Distribuidora first made an appearance at this stage, filing a reply to plaintiff's post-trial memorandum; Aponte did not reply. Having determined that no hearing on damages was necessary, the court awarded the

---

[**] Default was entered after the defendants failed to make an appearance or respond to the complaint within the appropriate time period; as to Fonovisa, the entry of default was later set aside by the court.

plaintiff $9,500.00 in statutory damages against Distribuidora and $6,756.79 in actual damages against Aponte. Distribuidora appeals from the court's award of statutory damages. Fonovisa appeals the district court's denial of its motion requesting attorney's fees. These cases were consolidated on appeal.

## II. DISCUSSION

### A.

Distribuidora appeals the order of the district court awarding Ortiz-Gonzalez statutory damages after a default judgment for copyright infringement under 17 U.S.C. § 504 (2001). The defendant asserts it was error for the court: (1) to find Distribuidora liable as a distributor where the plaintiff had not established that the producer was guilty of infringement; (2) to hold a trial and award damages against Distribuidora where the plaintiff had not notified Distribuidora of the trial date; and (3) to not hold a hearing on damages.

Whether a distributor can be found liable for copyright infringement where the plaintiff has not established that the producer is guilty of infringement is a question of law that is reviewed de novo. Liberty Mut. Ins. Co. v. Metro. Life Ins. Co., 260 F.3d 54, 61 (1st Cir. 2001). The issue of notice of the trial after defaulting is also a question of law reviewed de

<u>novo</u>.  <u>Id</u>.  As to a hearing on damages, the need for such a hearing is vested with the district court and reviewed for abuse of discretion.  <u>HMG Prop. Investors, Inc.</u> v. <u>Parque Indus. Rio Canas, Inc.</u>, 847 F.2d 908, 919 (1st Cir. 1988).

1. <u>Distributor Liability</u>

Distribuidora contends that a distributor's liability for copyright infringement is derived from a producer's liability.[***]  The Copyright Act, however, states that "the owner of a copyright under this title has the exclusive rights to do and to authorize any of the following: . . . (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending."  17 U.S.C. § 106 (2001).  Section 106(3) explicitly grants to the copyright owner the exclusive right to distribute copies of the copyrighted work.  <u>See</u> 2 Melville B. Nimmer & David Nimmer, <u>Nimmer on Copyright</u> § 8.11[A] (2001); <u>see also</u> <u>Cable/Home Communication Corp.</u> v. <u>Network Prods., Inc.</u>, 902 F.2d 829, 843 (11th Cir. 1990).  The Copyright Act further provides that  "anyone who violates any of the exclusive rights of the

---

[***] Distribuidora contends that Ortiz-Gonzalez must proceed under a theory of contributory liability, and that where there is no primary infringer there can be no secondary infringer. Because the producer, Fonovisa, was not found to be an infringer of Ortiz-Gonzalez's copyright, Distribuidora argues that it cannot face liability as a distributor.  This is premised on an inaccurate conception of the law.

copyright owner . . . is an infringer of the copyright." 17 U.S.C. § 501(a) (2001); Cable/Home Communication Corp., 902 F.2d at 843 ("Public distribution of a copyrighted work is a right reserved to the copyright owner, and usurpation of that right constitutes infringement."); 2 Nimmer & Nimmer, supra, § 8.11[A]. Thus, if Distribuidora distributed copies of Ortiz-Gonzalez's copyrighted work, the act of distribution is a direct infringement itself, not an act of contributory or vicarious infringement.

In his complaint, Ortiz-Gonzalez alleged that Distribuidora distributed throughout Puerto Rico unauthorized reproductions of his copyright protected songs. Distribuidora, having failed to appear or respond, was in default. A defaulting party "is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated." Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999). Therefore, the district court was correct to have found Distribuidora liable to Ortiz-Gonzalez for copyright infringement.

2. Notice

Distribuidora complains that it was never notified of the trial date in this case. Although it was a defaulting

party, Distribuidora contends it had a due process right to be given notice of the trial.

Federal Rule of Civil Procedure 55(b)(2)[****] states that notice is required before application to the court for entry of a judgment by default when a party has appeared in an action. It follows that if *judgment* can be entered against a defendant without notice where the party has failed to appear,[*****] then due process cannot require a higher standard for notice of the trial date in the same situation.

Here, Distribuidora did not make an appearance until the motion for post-trial judgment; therefore, it was not entitled to the benefits granted in Rule 55. This does not violate Distribuidora's due process rights; in fact, the purpose of Rule 55 is to protect the rights of parties like Ortiz-Gonzalez. See <u>H.F. Livermore Corp.</u> v. <u>Aktiengesellschaft Gebruder Loepfe</u>, 432 F.2d 689, 691 (D.C. Cir. 1970)("[T]he diligent party must be protected lest he be faced with

---

[****] "If the party against whom judgment by default is sought has appeared in the action, the party . . . shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application." Fed. R. Civ. P. 55(b)(2) (2001).

[*****] See <u>Taylor</u> v. <u>Boston & Taunton Transp. Co.</u>, 720 F.2d 731, 733 (1st Cir. 1983); <u>H.F. Livermore Corp.</u> v. <u>Aktiengesellschaft Gebruder Loepfe</u>, 432 F.2d 689, 691 (D.C. Cir. 1970); 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 2687 (3d. ed. 1998).

-9-

interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection."). We conclude that by failing to respond or appear, Distribuidora lost its right to notice of the trial date.

3. <u>Damages Hearing</u>

Distribuidora argues that it was never given the opportunity to be heard, not even on the issue of damages.[******] In this case, Ortiz-Gonzalez elected to receive, and was awarded, statutory damages against Distribuidora pursuant to 17 U.S.C. § 504(c)(1) (2001) (" . . . the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action."). After considering the record, the district court

---

[******] Distribuidora does not appeal the amount of the statutory damages granted, but instead argues that Ortiz-Gonzalez should be considered ineligible to receive statutory damages; had there been a hearing on statutory damages, Distribuidora contends it would have been able to demonstrate that such damages were not justified because Ortiz-Gonzalez was unable to prove his claim of infringement against the defendants, Fonovisa and Distribuidora. As discussed previously, there is no basis for this claim because Distribuidora had defaulted and was found to be liable as a direct infringer. As an infringer, Distribuidora faced statutory damages. Although a party may demand a jury determination of the amount of statutory damages to be awarded, <u>Feltner</u> v. <u>Columbia Pictures Television, Inc.</u>, 523 U.S. 340, 355 (1998), Distribuidora never made such demand.

decided that no hearing was necessary and awarded statutory damages within the prescribed range.

Both Section 504(c)(1) and Rule 55 grant wide discretion to the district court. A copyright owner may elect to recover in statutory damages a "sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1); <u>see also</u> Fed. R. Civ. P. 55(b)(2).******* Discretion as to the judgment or the need for a hearing on damages is vested with the district court. <u>Pope v. United States</u>, 323 U.S. 1, 12 (1944) ("It is a familiar practice and an exercise of judical power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly."). The discretion granted to the district court was not abused.

B.

---

******* If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.
Fed. R. Civ. P. 55(b)(2) (2001).

Fonovisa appeals the district court's denial of its motion requesting attorney's fees pursuant to the Copyright Act, 17 U.S.C. § 505.******** Fonovisa argues that the district court erred in holding that its motion requesting attorney's fees was moot. Mootness is a jurisdictional question and is reviewed <u>de novo</u>. <u>Verhoeven</u> v. <u>Brunswick Sch. Comm.</u>, 207 F.3d 1, 5 (1st Cir. 1999).

Concurrent with Ortiz-Gonzalez's voluntary dismissal, the parties entered into an agreement whereby Fonovisa agreed not to collect any award of attorney's fees or costs. Based on this agreement, the district court ruled that Fonovisa's motion for attorney's fees was moot. Fonovisa argues that, although the agreement does prevent it from collecting attorney's fees, the agreement was structured so that Fonovisa could receive a judgment on attorney's fees. Despite being unable to collect on

---

******** Ortiz-Gonzalez argues that this court lacks jurisdiction because Fonovisa appealed immediately after the denial of its motion, rather than after the final judgment was issued. This is incorrect. "A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry." Fed. R. App. P. 4(a)(2) (2001). This rule allows notice of appeal from a non-final decision to operate as an effective notice of appeal from a decision that would be appealable upon final judgment. <u>FirsTier Mortgage Co.</u> v. <u>Investors Mortgage Ins. Co.</u>, 498 U.S. 269, 276 (1991). Fonovisa's filing of its notice of appeal comports with Rule 4(a)(2) and this court, therefore, has jurisdiction to hear the appeal.

such a judgment, Fonovisa contends that the judgment for attorney's fees would be valuable to deter other potential plaintiffs from filing frivolous claims for copyright infringement.  Thus, according to Fonovisa, the case is not moot because the judgment on attorney's fees would be legally valuable.

A federal court's jurisdiction is restricted to the resolution of cases or controversies. U.S. Const. Art. III, § 2; Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990).  A case generally becomes moot when the controversy is no longer "live" or the parties "lack a legal cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982). "The duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect. . . ."  Mills v. Green, 159 U.S. 651, 653 (1895), cited in Local No. 8-6, Oil, Chem. & Atomic Workers Int'l Union v. Missouri, 361 U.S. 363, 367(1960); see also Morgan v. McDonough, 689 F.2d 265, 273 (1st Cir. 1982).

Fonovisa admits that the court's judgment will not be "carried into effect" and cannot "affect the matter in issue in the case before it," Mills, 159 U.S. at 653, but will instead

-13-

hopefully impact future cases.********** Although possibly being of some value in future situations, a judgment by the district court on the issue of attorney's fees would be superfluous because of the agreement. <u>Cf</u>. <u>Riva</u> v. <u>Massachusetts</u>, 61 F.3d 1003, 1011 (1st Cir. 1995) (requiring in the context of ripeness that "the controversy is narrowly defined and is susceptible to specific relief, . . . and without much risk that the court's opinion will prove superfluous."). Courts are not required to go through the symbolic step of entering a judgment which the beneficiary has already agreed not to collect merely so that the judgment can be waived as a red flag to serve the private interests of the recipient in other cases. Because there is no actual live controversy here, the district court was correct to dismiss the motion for attorney's fees as moot.

III.  CONCLUSION

---

**********Ortiz-Gonzalez offered to voluntarily dismiss his claims against Fonovisa with prejudice, so long as Fonovisa did not recover attorney's fees or costs. According to Fonovisa, it agreed, subject to the condition that it remain free to pursue a judgment for attorney's fees. The handwritten agreement states, "Defendant hereby will not collect from Plaintiff any award for cost [sic] and attorney fees that may be granted by the court." The words of this agreement can be read to support Fonovisa's contention that Fonovisa could seek fees, but not recover them. We need not determine if this is the correct interpretation of the agreement, however, because even assuming Fonovisa's position is correct, the district court would still lack jurisdiction due to mootness.

Because we find no error in the district court's rulings, we AFFIRM.