# United States Court of Appeals
## For the First Circuit

No. 01-2182

RICARDO RAMOS-FALCÓN; RICARDO RAMOS-HERNANDEZ; IRMA FALCÓN,

Plaintiffs, Appellants,

v.

AUTORIDAD DE ENERGÍA ELÉCTRICA,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Juan M. Pérez-Giménez, U.S. District Judge]

Before

Boudin, Chief Judge,
Bownes, Senior Circuit Judge,
and Selya, Circuit Judge.

Antonio Bauza Torres for appellants.

Lionel E. Santa-Crispín, Puerto Rico Electric Power Authority, for appellee.

August 20, 2002

**PER CURIAM**. Plaintiff-appellant Ricardo Ramos Falcón filed a complaint in the United States District Court for the District of Puerto Rico alleging violations of the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. Ramos Falcón contends that defendant-appellee Autoridad de Energía Eléctrica (PREPA) deprived him of a reasonable accommodation when it forcibly expelled him from its parking lot. The district court entered a default judgment against PREPA. Following a post-default hearing on damages, however, the court dismissed Ramos Falcón's ADA claim. We vacate the dismissal and remand for further proceedings on the ground that the court failed to provide notice to Ramos Falcón that it was taking evidence concerning the merits of his case at the damages hearing.

## BACKGROUND

Plaintiff-appellants are Ricardo Ramos Falcón and his father, Ricardo Ramos Hernandez, and mother, Irma Falcón. Ramos Falcón depends on a wheelchair to get around.

In his complaint, Ramos Falcón alleges that on February 23, 1999, he entered a parking lot maintained by PREPA for its customers in order to pay his monthly electric bill. The automobile in which he was riding carried his wheelchair and was driven by his father, Ricardo Ramos Hernández. In the parking lot, Ramos Hernández stopped the car in order to unload his son´s wheelchair. A parking lot employee ordered Ramos Hernández to move

-2-

the car.  Father and son tried to explain to the employee why it was necessary to park the automobile where it was.  They asked the employee for permission to unload the wheelchair so Ramos Falcón could proceed to PREPA's office.

The employee, in a violent and aggressive manner, insisted on the removal of the wheelchair and the car and pushed the wheelchair with Ramos Falcón still seated in it.  Ramos Falcón was thrown to the pavement and his wheelchair landed on top of him.  As a result, he experienced severe pain and suffering, underwent medical treatment and therapy for two years, and suffered additional physical limitations.  Ramos Hernández alleges severe emotional harm as a result of witnessing the events.

The complaint alleged, inter alia, "No other reasonable accommodations were available to Plaintiffs in order to unload Ramos Falcón and his wheelchair from the car."

PREPA failed to answer Ramos Falcón's complaint or otherwise appear.  Accordingly, the court entered a default on September 7, 2000.  On January 11, 2001, the court held a hearing on default and damages, at which it heard evidence concerning, inter alia, two handicap parking spaces available at the PREPA parking lot.  PREPA failed to appear for the trial.

On January 24, 2001, PREPA filed a motion to set aside the entry of default, which the court denied.  On June 20, 2001, the court dismissed Ramos Falcón's complaint on the merits.  In

support of this holding, it held that the existence of the two handicap parking spaces provided "equal opportunity of enjoying the premises or services."

## DISCUSSION

After entry of a default judgment, Fed. R. Civ. P. 55(b)(2) provides as follows:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties . . ..

The court also may examine a plaintiff's complaint, taking all well-pleaded factual allegations as true, to determine whether it alleges a cause of action. Quirindongo Pacheco v. Rolón Morales, 953 F.2d 15, 16 (1st Cir. 1992).

Additionally, the court may conduct a hearing to "establish the truth of any averment" in the complaint. Id. However, "[i]n this circuit, we have stated that this is appropriate only if the court has made 'its requirements known in advance to the plaintiff, so that [he] could understand the direction of the proceeding and marshall such evidence as might be available to [him].'" Id. (quoting McGinty v. Berenger Volkswagen, Inc., 633 F.2d 226, 229 (1st Cir. 1980)).

-4-

In this case, the post-default hearing involved evidence concerning, inter alia, the complaint's allegation that PREPA provided no reasonable accommodations to unload Ramos Falcón and his wheelchair from the car. Central to the court's dismissal of the ADA claim was its determination that PREPA had satisfied its obligation to provide "equal opportunity" by making available handicap parking spaces. The record does not show, however, that the district court provided adequate notice to Ramos Falcón that it intended to address this issue at the post-default damages hearing. In the absence of such notice, the district court erred in dismissing the ADA claim. See Quirindongo Pacheco, 953 F.2d at 16.

Accordingly, we **VACATE** the entry of judgment in favor of PREPA and **REMAND** this matter to the district court for further proceedings consistent with this opinion.