Dr. Dennis OLIVE, Plaintiff–Appellant,

v.

Melvin R. LYTTLE and First National Equity, Ltd., Defendants–Appellees.

No. 01–2767.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 9, 2002 *.

Decided Oct. 9, 2002.

Before RIPPLE, KANNE, and ROVNER, Circuit Judges.

## ORDER

Plaintiff Dr. Dennis Olive gave $1.5 million to defendant First National Equity, L.L.C., doing business as First National Equity, Ltd. ("First National") to invest with the hope that First National would reap double digit rates of return. But when First National was unable to deliver such high rates of return, Dr. Olive demanded back and received his $1.5 million. Then he sued First National and its chief executive officer, Melvin R. Lyttle, for federal and state securities fraud as well as state law criminal deception. Although Dr. Olive properly served the defendants, they failed to file appearances or answers, and so pursuant to Federal Rule of Civil Procedure 55(b)(2) the district court entered a default judgment and awarded Dr. Olive $25,206.58 in damages. Dr. Olive

---

* Earlier we denied the defendants' request to file a responsive brief because they failed to defend themselves in the district court and so we found that they lack standing. Therefore we decide this appeal based solely upon the appellant's brief and the record. After an examination of the brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. See Fed. R.App. P. 34(a)(2).

timely appealed and asks us to reverse the district court's judgment because he says he was entitled to more damages than he was awarded, including treble damages and attorneys' fees. As detailed below, we affirm the judgment in part and remand with instructions to the district court to award attorneys' fees.

According to the allegations in Dr. Olive's complaint, the defendants agreed in August 1999 to arrange at least three trades of Dr. Olive's money each week earning at least a 12% rate of return each trade. Unable to find any trades offering that rate of return, the defendants wrote to Dr. Olive vowing instead to find trades earning a rate of return of 50% per week. But the defendants later admitted that they could not find any trades at that rate either and so instead bought government treasury bills with Dr. Olive's money sometime in October 1999 earning 6.5% interest per year. Dr. Olive then demanded back his money, which he received in December 1999. Unsatisfied with just the return of his $1.5 million, Dr. Olive filed suit to recover the interest he believed he was due.

After the defendants failed to file an appearance or answer, the district court entered an order of default and ordered Dr. Olive to substantiate his damages. *See Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir.1994) (damages must be substantiated in default judgment). Dr. Olive submitted an affidavit in support of his statement of damages, claiming that he was entitled to 50% interest on his $1.5 million (a $750,000 sum) plus the interest earned on the treasury bills from October through December 1999 (which amounts to $25,206.58). He also requested that the court treble those damages pursuant to Indiana's Crime Victims Relief Act, Ind.Code § 34–24–3–1, and award attorneys' fees pursuant to that act as well as state securities law, Ind.

Code § 23–2–1–19. The district court awarded Dr. Olive the requested $25,206.58 in treasury bill interest, but declined to award the other requested damages because "[t]he requests for $750,000 + attorneys fees are not supported by applicable law and treble damages are not warranted under the cited statute, which allows for such for civil actions by crime victims, none of which were alleged here."

Dr. Olive appeals the district court's calculation of interest as well as its decision not to award treble damages or attorneys' fees. We will examine first the district court's calculation of interest damages, which we will not disturb unless the calculation is clearly erroneous. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995). The interest due Dr. Olive is detailed in the parties' agreement, which warns repeatedly that no rate of return was "guaranteed," and that the 12% rate of return the defendants initially hoped to deliver three times a week was "purely speculation," "at risk," and "subject to adjustment(s)." Dr. Olive admits in his complaint that the 12% rate was adjusted twice-first to 50% per week and then to 6.5% per year-before his money was eventually invested in treasury bills. Therefore, the district court could reasonably conclude that Dr. Olive was entitled only to the rate of return on the treasury bills-6.5% per year for a total of $25,206.58-and its conclusion is not clearly erroneous.

Dr. Olive argues that the damages award should nevertheless be reversed because Federal Rule of Civil Procedure 55(b)(2) required the district court to hold a hearing on damages. But Rule 55(b)(2) states only that a court *may* conduct a hearing to determine the amount of damages. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir.1993). Because the district court could calculate Dr. Olive's damages based upon the docu-

mentary evidence before it, the court was within its discretion not to conduct a hearing. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir.1983); *see also Ortiz–Gonzalez v. Fonovisa*, 277 F.3d 59, 63–64 (1st Cir.2002).

■ Next, we examine the district court's decision not to award treble damages under the Victims Relief Act. The court decided that Dr. Olive was not entitled to such damages because he failed to sufficiently allege a cause of action under the Victims Relief Act, a determination it may make even though the defendants defaulted. *Ramos–Falcón v. Autoridad de Energía Eléctrica*, 301 F.3d 1, 2 (1st Cir. 2002); *see also Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir.1994) (defaulted defendant may challenge sufficiency of plaintiff's complaint). We review that determination *de novo*. *Belom v. Nat'l Futures Ass'n*, 284 F.3d 795, 797 (7th Cir.2002). In order to state a claim under the Victims Relief Act based upon criminal deception, Dr. Olive needed to allege that the defendants knowingly or intentionally made a false or misleading written statement in order to obtain property. Ind.Code 35–43–5–3; *Ecker v. Rochester Ford New Holland, Inc.*, 694 N.E.2d 289, 291 (Ind.Ct.App. 1998). But as noted earlier, the representations that Dr. Olive complains about-the statements in the parties' agreement that he claims promised high rates of return-do not in fact guarantee any specific rate of return. To the contrary, the agreement repeatedly warns that the anticipated rates of return were not guaranteed and subject to change. Therefore Dr. Olive has failed to allege any misleading or false written statement and so has failed to state a claim under the Victims Relief Act.

■ Next we examine the district court's decision not to award attorneys' fees. Dr. Olive claims that he was entitled to attorneys' fees under both the Victims Relief Act and state securities law. We have already determined that he failed to state a claim entitling him to any relief under the Victims Relief Act, so we examine only his right to attorneys' fees under state securities law. The district court did not rule that Dr. Olive failed to state a claim under Indiana's securities law, but rather held that his request for attorneys' fees "was not supported by applicable law." Indiana securities law states, however, that a person who bought a security from an unlicensed seller "may sue either at law or in equity to rescind the transaction or to recover the consideration paid, together, with ... reasonable attorney's fees." Ind.Code § 23–2–1–19(a). Dr. Olive alleged that the defendants sold him securities even though they were not licensed, and so the statute permitted him to sue for attorneys' fees. The district court did not have the discretion to determine that attorneys' fees were not warranted under the statute because Indiana courts have held that the legislative intent of the statute was to mandate an award of fees. *Kelsey v. Nagy*, 410 N.E.2d 1333, 1337 (Ind.Ct.App.1980).

For the preceding reasons, we AFFIRM the judgment of the district court in part and REMAND in part with instructions to award Dr. Olive reasonable attorneys' fees pursuant to Ind.Code § 23–2–1–19.