**UNION DE PERIODISTAS, Artes Graficas y Ramas Anexas,**
Plaintiff,

v.

**The SAN JUAN STAR COMPANY,**
Defendant.

**Civil No. 10–1680(ADC).**

United States District Court,
D. Puerto Rico.

Aug. 15, 2013.

Pedro J. Santana–Gonzalez, Simonet Sierra Law Office, Guaynabo, PR, for Plaintiff.

## *DEFAULT JUDGMENT*

AIDA M. DELGADO–COLON, Chief Judge.

Now before the Court is plaintiff Unión de Periodistas, Artes Gráficas y Ramas

Anexas' ("plaintiff" or "UPAGRA") motion for default judgement and in compliance with the Court's order. **ECF No. 47.**[1] For the reasons set forth below, the Court **NOTES and GRANTS** plaintiff's motion (**ECF No. 47**).

## I. PROCEDURAL HISTORY

On July 20, 2010, UPAGRA filed the present complaint for enforcement of an arbitration award before the Bureau of Conciliation and Arbitration of the Puerto Rico Department of Labor against The San Juan Star Company ("defendant" or "The San Juan Star"). **ECF No. 1.** UPAGRA is a labor organization representing employees under the Labor Management Relations Act and is the exclusive bargaining representative of the members of the appropriate unit of The San Juan Star.

The arbitration award was issued pursuant to the grievance procedure contained in the parties' Collective Bargaining Agreement ("CBA") that, *inter alia*, provides for the resolutions of their disputes trough a final and binding arbitration process. **ECF No. 42, Ex. 2.** According to the award, on December 6, 2002, The San Juan Star dismissed Mr. Juan A. Cruz ("Mr. Cruz") from his employment. Mr. Cruz was The San Juan Star's employee since July 25, 1991, and was unjustly terminated in accordance with Article VII, Section 5 of the parties' Collective Bargaining Agreement ("CBA"). Therefore, the Arbitrator ordered Mr. Cruz' reinstatement with back pay, as well as those sums established in Article XVIII of the CBA—Payment of Layoff, Dismissal and Retirement. Section 1(a) of the cited article establishes a two week base compensation for each uninterrupted service year with The San Juan Star. According to the award, this payment equals eleven (11) years of uninterrupted service with The San Juan Star. The award also provided for payment of attorney's fees, amounting to 25% of the base compensation. On August 29, 2008, after the award was issued, the San Juan Star ceased its operations. Since service of summons upon defendant was unfruitful, the Court authorized service by publication. **ECF No. 22.** After effecting summons by edict (**ECF No. 26**), UPAGRA requested the entry of default against defendant (**ECF No. 27**), which the Court granted (**ECF No. 28**). Now, UPAGRA requests default judgment against the San Juan Star, seeking back pay in the amount of $213,962.00; Severance Pay in the amount of $12,936.00, totaling $226,898.00 and attorneys' fees (25% of the base salary) in the amount of $53,490.50. **ECF No. 47.**

## II. Federal Rule of Civil Procedure 55

Federal Rule of Civil Procedure 55 ("Rule 55") governs the entry of default judgments in federal court. Rule 55 mandates a two-step process for a party who seeks a default judgment in his favor. First, the movant must apprise the court that the opposing party has failed to plead or otherwise defend by requesting "by affidavit or otherwise" that the Clerk of Court enter default on the docket. Fed.R.Civ.P. 55(a). Second, following an entry of default by the Clerk, "the party entitled to a judgment by default shall apply to the court therefor." Fed.R.Civ.P. 55(b)(2).

Rule 55(a) authorizes a court to enter default against a party who has "failed to

---

1. UPAGRA has requested default judgment before. **ECF No. 31.** However, the same was denied without prejudice because UPAGRA failed to allege the specific amounts of damages requested. **ECF No. 32.** UPAGRA amended its request for default judgment. **ECF No. 33.** However, the same contained discrepancies in the compensation to be awarded and the Court requested a breakdown of the amounts requested (**ECF No. 46**), which plaintiff subsequently submitted (**ECF No. 47**).

plead or otherwise defend" an action. Default judgment may be entered by the Clerk "if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation...." Fed.R.Civ.P. 55(b)(1). In all other cases, the party seeking the default judgment must apply to the court. Fed.R.Civ.P. 55(b)(2). In such cases, prior to entering judgment, the court may conduct a hearing to consider whether the unchallenged facts of the complaint constitute a legitimate cause of action, and, to the extent the claims are legitimate, determine the amount of damages. *See* Fed.R.Civ.P. 55(b)(2); 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 3688, at 63 (3d ed. 1998) ("Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.")

### III. ANALYSIS

UPAGRA seeks enforcement of an arbitration award issued in case A–03–1682. The award was enacted under their CBA's grievance procedure. According to the applicable CBA provision, an arbitration award shall be final and binding between the parties. Therefore, UPAGRA contends that the San Juan Star's refusal to comply with the arbitration award is a refusal to comply with the terms and conditions established in the CBA.

Section 301 of LMRA, 29 U.S.C. § 185(a), states the following:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or

without regard the citizenship of the parties.

▮▮▮ Moreover, section 301 of the LMRA, 29 U.S.C. § 185(c), states:

> For the purposes of actions and proceedings by or against labor organizations in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such labor organization maintain its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members.

Thus, under section 301, federal courts have original jurisdiction over complaints for contract violations between employers and labor organizations and provide an appropriate means to enforce arbitration awards, such as the one at bar. *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960)(district courts have jurisdiction under Section 301 of LMRA in order to obtain specific enforcement of an arbitrator's award ordering reinstatement and back pay to individual employees). Furthermore, the First Circuit Court of Appeals has stated that "[w]here a collective bargaining agreement includes an arbitration clause, the arbitration award is treated as a contractual obligation that can be enforced through a section 301 suit." *Local 2322, Intern. Broth. of Elec. Workers v. Verizon New England, Inc.*, 464 F.3d 93, 96 (1st Cir.2006). Thus, since the CBA in the present case contained an arbitration clause, the arbitration award is binding and enforceable through the present complaint.

According to the Arbitrator's Finding of Facts (**ECF No. 42**, Ex. 1 at 5), Mr. Cruz was an employee of The San Juan Star since July 25, 1991. He was terminated from his employment on December 6,

2002, for allegedly violating The San Juan Star's policies that prohibit working with other news media that would pose competition to the newspaper. The Arbitrator concluded that the dismissal was unjustified.

Pursuant to the CBA's Article VII, Section 5, the Arbitrator ordered reinstatement with back pay. Also, based on Article XVIII's Section 1(a), the Arbitrator ordered severance payment, equaling a two-week base payment of regular salary for each interrupted service year with The San Juan Star. The Arbitrator concluded that Mr. Cruz worked for The San Juan Star during 11 years of uninterrupted service, thus ordered the payment of 22 weeks. Last, the Arbitrator ordered attorney's fees in the amount of 25% of the base compensation. **ECF No. 42, Ex. 1.** at 9.

The San Juan Star failed to appear and defend the allegations in the complaint. Thus, the Court entered default against it. It is well settled that a defaulting party is "taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability...." *Ortiz–González v. Fonovisa,* 277 F.3d 59, 62–63 (1st Cir.2002)(*quoting Franco v. Selective Ins. Co.,* 184 F.3d 4, 9 n. 3 (1st Cir.1999)). Here, defendant has conceded the merits of the arbitration award altogether. As the arbitration award is clear and its language unambiguous, Mr. Juan A. Cruz is entitled to the payment of all unearned wages from the date of his dismissal, December 6, 2002, until the company closed its operations on August 29, 2008. However, since the company closed, the Court can not enforce the award's reinstatement provision.

In accordance with the arbitration award, this Court finds that Mr. Cruz is entitled to the following: **$175,812.00** for salaries owed from December 6, 2002 until August 29, 2008; benefits Christmas and Epiphany bonuses of **$4,150.00,** severance compensation of **$12,936.00;** and **$56,893.25** for attorney's fees (25% of base salary compensation). The Court notes, however, that UPAGRA also requested $34,000.00 for car allowance. The Court finds that this requested sum falls outside the scope of the arbitration award. The Arbitrator ordered the payment of unearned wages, severance payment, and attorney's fees. He made no mention of a car allowance. The CBA allots car allowances in Article 30, under Private Vehicle Use and Expenses. The car allowance provision compensates the use of employees' private car for company-related matters. Thus, the same can not be attributed to his salary. Inasmuch as the employee did not use his car for company-related matters after he was terminated, he is not entitled to the car allowance as a remedy.

## IV. CONCLUSION

Based upon the foregoing, Defaulted defendant, The San Juan Star, is hereby ordered to pay Mr. Juan A. Cruz all unearned wages from December 6, 2002 to August 29, 2008, an additional compensation of 22 weeks of salary, totaling **$192,898.00,** and attorneys' fees in the amount of **$56,893.25.**

**SO ORDERED.**