# United States Court of Appeals
## For the First Circuit

No. 01-9014

IN RE:  THE HOME RESTAURANTS, INC.,

Debtor.

_____

BANCO BILBAO VIZCAYA ARGENTARIA,

Defendant, Appellant,

v.

FAMILY RESTAURANTS, INC., AND HECTOR CUEVAS CUEVAS,

Plaintiffs, Appellees,

WIGBERTO LUGO MENDER,

Defendant, Appellee.

APPEAL FROM THE BANKRUPTCY APPELLATE PANEL

OF THE FIRST CIRCUIT

Before

Torruella, <u>Circuit Judge</u>,
Coffin, <u>Senior Circuit Judge</u>,
and Selya, <u>Circuit Judge</u>.

<u>Wanda I. Luna-Martinez</u>, with whom <u>Montanez & Alicea Law Offices</u> was on brief, for appellant.
<u>Ramon Torres Rodriguez</u> for plaintiffs-appellees.
<u>Wigberto Lugo Mender</u> for defendant-appellee.

April 2, 2002

**COFFIN**, <u>**Senior Circuit Judge**</u>. Appellant Banco Bilbao Vizcaya Argentaria ("the Bank"), a creditor in a Chapter 7 bankruptcy proceeding, claims that the bankruptcy court wrongly refused to grant it relief, under Fed. R. Civ. P. 60(b) and Fed. R. Bankr. P. 9024, from a default judgment totaling $24,506.55.[1] The Bankruptcy Appellate Panel for the First Circuit ("BAP") affirmed the bankruptcy court's ruling, and we likewise find no reversible error.

Although this case reaches us by way of the BAP, we are charged with direct review of the bankruptcy court's decision. <u>See</u> <u>In re Healthco Int'l, Inc.</u>, 132 F.3d 104, 107 (1st Cir. 1997). We consider that court's conclusions of law de novo and scrutinize its factual findings for clear error. <u>Id.</u> Absent legal error, we review the court's refusal to set aside a default judgment under Rule 60(b) only for abuse of discretion. <u>See</u> <u>Claremont Flock Corp.</u>

_____

[1] The court's default judgment resolved two separate claims against the Bank for the costs of preserving or disposing of property of the debtor in which the Bank had a security interest. <u>See</u> <u>infra</u> p. 3. The original complaint was filed by Family Restaurants, Inc. and its president, Hector Cuevas, who had subleased restaurant premises to the debtor, The Home Restaurants, Inc. Plaintiffs (whom we at times refer to collectively as "Cuevas") named both the Bank and the bankruptcy trustee, as representative of the debtor, as defendants. The trustee, in turn, filed cross-claims against the Bank. Cuevas sought reimbursement for rent and related costs; the trustee sought, in addition, the cost of electricity and a contractor's services.

The Bank never responded to the cross-claims, and the court described its judgment in favor of the trustee as "a simple default judgment." Although the Bank filed an answer to the complaint, it took no further action until after the default judgment was entered. The court termed the default judgment for plaintiffs "a sanction for [the Bank's] repeated failure to comply with orders of the Court."

v. <u>Alm</u>, 281 F.3d 297, 299 (1st Cir. 2002); <u>Key Bank of Maine</u> v. <u>Tablecloth Textile Co.</u>, 74 F.3d 349, 352 (1st Cir. 1996).

The Bank's appeal has three primary prongs, two of which challenge the bankruptcy court's legal authority to order the default. It argues that the court lacked jurisdiction to address appellees' claims in light of the United States Supreme Court's decision in <u>Hartford Underwriters Ins. Co.</u> v. <u>Union Planters Bank, N.A.</u>, 530 U.S. 1 (2000), and lacked authority to grant the default judgment without examining the merits of appellees' claims in a hearing. The Bank also contends that the court abused its discretion in ordering a default judgment in the circumstances of this case.

We briefly dispose of each of these contentions.

A. <u>Jurisdiction</u>.

In their complaint, plaintiffs relied on section 506(c) of the Bankruptcy Code to demand reimbursement of rent and other costs incurred at the restaurant premises while property in which the Bank had a security interest remained there. <u>See</u> 11 U.S.C. § 506(c). The section provides that "[t]he trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim." <u>Id.</u> In <u>Hartford Underwriters</u>, which was decided about one month after the bankruptcy court's challenged ruling, the Supreme Court held that only a trustee, and not an administrative claimant, is a proper party to seek recovery under section 506(c). <u>See</u> 530 U.S.

-3-

at 14.  As the BAP observed, that decision overruled First Circuit precedent allowing such a claim by "third parties who equitably come to stand in the trustee's shoes," see In re Parque Forestal, Inc., 949 F.2d 504, 511 (1st Cir. 1991).  The Bank contends that Hartford Underwriters requires reversal of the bankruptcy court's judgment in favor of Cuevas, a third-party claimant.

Although Hartford Underwriters would appear to negate Cuevas's standing to bring a section 506(c) claim, it does not require us to disturb the bankruptcy court's judgment.  The rents and related costs awarded to Cuevas also were incorporated within the cross-claims filed by the trustee, who unquestionably had standing to pursue such relief.[2]  We are thus satisfied that the bankruptcy court's judgment was consistent with the principles espoused in Hartford Underwriters.[3]

B. Lack of Hearing.

The Bank contends that the district court could not grant judgment on the merits without a hearing to determine whether the claims and cross-claims were meritorious.  To the contrary, it is precisely the right to contest liability that a party gives up when it declines to participate in the judicial process.  See Franco v.

---

[2] In Count Two of his cross-claims, the trustee asked that the Bank be obliged to pay any "rent and preservation costs [that] are due to plaintiff."

[3] The court unquestionably had subject matter jurisdiction; both the claims and cross-claims were within the bankruptcy court's core jurisdiction.  See 28 U.S.C. § 157(b)(2) (A), (O) (core proceedings include "matters concerning the administration of the estate" and "other proceedings affecting the liquidation of the assets of the estate," with exceptions not relevant here).

Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999) ("A party who defaults is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability . . . ."); Brockton Savings Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 13 (1st Cir. 1985) ("[T]here is no question that, default having been entered, each of [plaintiff's] allegations of fact must be taken as true and each of its [] claims must be considered established as a matter of law.").

A hearing may be required, however, to set damages when the amount is in dispute or is not ascertainable from the pleadings. See Fed. R. Civ. P. 55(b)(2);[4] Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 64 (1st Cir. 2002); HMG Property Investors v. Parque Indus. Rio Canas, 847 F.2d 908, 919 (1st Cir. 1988). Here, there was no uncertainty about the amounts at issue; the complaint and cross-claims contained specific dollar figures, and the court also requested and received affidavits from appellees. The court's order to show cause allowed the Bank the opportunity to respond to appellees' claims before entry of judgment, but the Bank failed to do so.

---

[4] Rule 55(b)(2) states:

If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Where a court has jurisdiction over the subject matter and parties, the allegations in the complaint state a specific, cognizable claim for relief, and the defaulted party had fair notice of its opportunity to object, the court has the discretion to order a default judgment "without a hearing of any kind," HMG Property Investors, 847 F.2d at 919. By the same token, the court may choose to hold a hearing to "establish the truth of any averment" in the complaint. See Fed. R. Civ. P. 55(b)(2); Quirindongo Pacheco v. Rolon Morales, 953 F.2d 15, 16 (1st Cir. 1992) (per curiam). There was no abuse of the court's discretion in this case.

C. Relief from the Default Judgment.

As noted earlier, a court's refusal to set aside a default judgment is reviewed for abuse of discretion. See supra p. 2. On this issue, we find it unnecessary to add to the well reasoned decisions of the bankruptcy court and BAP. See Lawton v. State Mut. Life Assur. Co. of America, 101 F.3d 218, 220 (1st Cir. 1996). Their assessments of the Bank's conduct and its asserted justifications suffice to explain why no such abuse occurred here.

Affirmed.