

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2005

# In Re Secivanovic

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2381

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re Secivanovic " (2005). *2005 Decisions.* Paper 890.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/890

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NOS. 04-2381 & 04-2466
_____

IN RE: PETER SECIVANOVIC,

Debtor


GARY S. JACOBSON, CHAPTER 7
TRUSTEE FOR PETER SECIVANOVIC

v.

PETER SECIVANOVIC AND
ZORA SECIVANOVIC


Zora Secivanovic,

Appellant

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-00797)
District Judge: Honorable Garrett E. Brown, Jr.

_____


Submitted Under Third Circuit LAR 34.1(a)
July 6, 2005

Before: NYGAARD, VAN ANTWERPEN AND GREENBERG, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed     July 7, 2005    )

_____

OPINION

_____

PER CURIAM

Zora Secivanovic appeals from the District Court's order affirming the Bankruptcy

Court's order that denied her motion to vacate a default judgment. For the reasons set

forth below, we will affirm.

The parties are familiar with the facts, so we will only briefly revisit them here. In

1998, Peter Secivanovic filed a voluntary petition for personal bankruptcy protection

under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the

District of New Jersey. After the case was converted to a Chapter 7 case, Gary S.

Jacobson was appointed as the trustee. Jacobson filed a complaint against Peter

Secivanovic and Zora Secivanovic, his mother, and alleged that Peter transferred a

property to Zora for less than reasonably equivalent value. Jacobson filed a request for

entry of default judgment and a judgment was entered against both defendants in the

amount of $32,000.00. Zora Secivanovic filed a motion to vacate the default judgment; a

consent order was entered vacating the default judgment as to Zora only.[1]

Approximately a year later, the Bankruptcy Court entered an order to compel

discovery. Jacobson filed a motion to strike Secivanovic's answer for failure to comply

with the discovery order. The motion was granted and a second default judgment was

_____

[1] Any reference hereafter to "Secivanovic" is to Zora Secivanovic.

entered.  Secivanovic filed another motion to vacate the default judgment, which was granted.  As a condition of vacating the default judgment, the order required Secivanovic to pay Jacobson's counsel fees, in the amount of $5,000.00, within 30 days.  When payment was not remitted, Jacobson filed a third motion for entry of default judgment, which was granted.  Secivanovic filed another motion to vacate the default judgment; the Bankruptcy Court denied the motion.  Secivanovic then filed a notice of appeal to the United States District Court for the District of New Jersey.  The District Court affirmed the Bankruptcy Court's order denying the motion to vacate the default judgment.

The District Court had jurisdiction to review the Bankruptcy Court's orders pursuant to 28 U.S.C. § 158(a), and we have appellate jurisdiction over the District Court's order under 28 U.S.C. §§ 158(d) and 1291.  The entry of default and default judgment will only be set aside if we determine that the trial court abused its discretion.  See United States v. $55,518.05 in U.S. Currency, 728 F.2d 192,195 (3d Cir. 1984); see also Fed. R. Bankr. P. 7055, 9024; Argentaria v. Family Rests., Inc. (In re Home Rests., Inc.), 285 F.3d 111, 113 (1st Cir. 2002).

In exercising its discretion, the Bankruptcy Court addressed the necessary factors for reviewing a motion to vacate a default judgment; the Bankruptcy Court properly denied Secivanovic's Fed. R. Civ. P. 60(b)[2] motion after concluding that (1) Jacobson would be prejudiced if the motion was granted; (2) Secivanovic did not present a

---

[2]  Rule 60(b) is made applicable here by Rule 9024 of the Federal Rules of Bankruptcy Procedure.

meritorious defense; and (3) her conduct, which led to the default, was culpable. See U.S. Currency, 728 F.2d at 195. We discern no abuse of discretion here. To the extent Secivanovic attempted to raise new arguments on appeal to the District Court or is attempting to present new arguments in this appeal, she is precluded from doing so. See Srein v. Frankford Trust Co., 323 F.3d 214, 224 n.8 (3d Cir. 2003).

For the reasons set forth above, we will affirm the judgment of the District Court.