**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 06-1800

LOUIS VUITTON MALLETIER,

Plaintiff, Appellee,

v.

TITO MORALES d/b/a PARIS BAG COLLECTION,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

---

Before

Howard, Circuit Judge,

Baldock,[*] and Stahl, Senior Circuit Judges.

---

Reichard & Calaf, P.S.C., Federico Calaf-Legrand, and Vicente A. Sequeda-Torres on brief, for appellee.
Julio E. Gil De Lamadrid for appellant.

---

January 10, 2007

---

[*]Of the Tenth Circuit, sitting by designation.

**Per Curiam**. This appeal derives from an action brought by appellee Louis Vuitton Malletier against a host of vendors in Puerto Rico, including appellant Tito Morales (d/b/a Paris Bags), alleging that the vendors were selling counterfeit Louis Vuitton merchandise. In due course, the district court entered judgment against Morales, enjoined him from violating appellee's trademark rights, and ordered that he pay $50,000 in damages. Morales appeals.

Morales's arguments merit only a brief discussion. First, Morales challenges the sufficiency of the evidence that appellee introduced to support its claim. This argument fails to comprehend that the district court entered a default judgment against him. Thus, Morales was deemed to have conceded the truth of appellee's factual allegations, see In re Home Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002), which were adequate to establish liability. Second, Morales contends that appellee failed to establish actual damages. But this contention is also beside the point because the district court awarded appellee statutory damages. See 15 U.S.C. § 1117(c). Lastly, Morales argues that the district court never acquired personal jurisdiction over him because appellee's amended complaint was never properly served upon him. This argument ignores the fact that Morales was initially served with a "John Doe" complaint and appeared to contest appellee's request for a preliminary injunction on the strength

thereof.  Morales presents no coherent theory as to how the improper service of a later filing (which, other than specifically identifying prior "John Does," was identical to the original complaint) divested the district court of personal jurisdiction over him.  And, in any event, Morales fails to question the district court's alternative conclusion that any challenge to personal jurisdiction was waived as untimely.  <u>See</u> Fed R. Civ. P. 12(h).

The judgment of the district court is **affirmed.**  <u>See</u> Loc. R. 27(c).  Costs are awarded to appellee.[1]

---

[1]In light of our conclusions, appellee's motion to file a supplemental brief is denied.