**UNITED STATES of America, U.S. Department of Agriculture Rural Housing Service and U.S Department of Treasury, Internal Revenue Service, Plaintiff**

v.

**Julie M. CURTIS, Defendant**

**Maritime Energy, William J. Knowlton d/b/a Bill Knowlton Water Wells, Maine State Housing Authority, Key Bank of Maine, Penobscot Bay Medical Center, Harpster Receivables Management Corporation, Parties-in-interest.**

**Civil No. 06–88–P–C.**

United States District Court, D. Maine.

Jan. 18, 2007.

David R. Collins, U.S. Attorney's Office District of Maine Portland, ME, for Plaintiff.

John Bobrowiecki, Maine State Housing Authority, Augusta, ME, Carl R. Trynor, Law Office of Carl R. Trynor, Portland, ME, Rita M. Farry, Kimmel & Beach, Kennebunk, ME, for Parties-in-interest.

## ORDER GRANTING SUMMARY JUDGMENT

GENE CARTER, Senior District Judge.

Plaintiff filed a Complaint alleging that it was entitled to foreclosure pursuant to 14 M.R.S.A. § 6321. Defendant and all the record lien holders (parties-in-interest) have been notified of this action. Defendant Julie M. Curtis and parties-in-interest Maritime Energy, William Knowlton d/b/a Bill Knowlton Water Wells, and Key Bank have all been defaulted. *See* Docket Item No. 18. Now before the Court is Plain-

tiff's Motion for Summary Judgment (Docket Item No. 24) against parties-in-interest Maine State Housing Authority, Penobscot Bay Medical Center, and Harpster Receivables Management Corporation. Maine State Housing Authority filed a response to Plaintiff's Motion for Summary Judgment in order to correct a typographical error in Plaintiff's Statement of Material Facts. *See* Opposing Statement of Material Facts (Docket Item No. 28). None of these parties-in-interest raise any issues of fact regarding Plaintiff's entitlement to have its motion granted.

## UNDISPUTED MATERIAL FACTS

The entry of default against Defendant establishes the following facts from Plaintiff's Complaint. *In re The Home Rests., Inc.*, 285 F.3d 111, 114 (1st Cir.2002) ("There is no question that, default having been entered, each of plaintiff's allegations of fact must be taken as true and each of its claims must be considered established as a matter of law.") (citation and internal punctuation omitted). On or about November 7, 1986, Scottie L. Curtis and Julie M. Curtis ("the Curtises") obtained a loan from the United States Government in the amount of $53,600.00. The loan was evidenced by a Promissory Note of even date and amount, to be repaid according to the terms set out therein. *See* Complaint Ex. A. To secure the repayment of said indebtedness, the Curtises on the same day, duly executed, acknowledged, and delivered to the United States Government a Real Estate Mortgage whereby they granted, bargained and sold to the Government the subject premises. The subject Mortgage was duly recorded in the Knox County Registry of Deeds in Book 1132, Page 287. *See* Complaint Ex. B. On September 25, 1986, the Curtises executed a Subsidy Repayment Agreement. *See* Complaint Ex. C.

On or about May 7, 1987, the Curtises obtained a loan from the United States Government in the amount of $8,000.00. This loan was evidenced by a Promissory Note of even date and amount, to be repaid according to the terms set out therein. *See* Complaint Ex. D. To secure the repayment of said indebtedness and other purposes, on the same day the Curtises duly executed, acknowledged, and delivered to the United States Government a certain Real Estate Mortgage, which was duly recorded in the Knox County Registry of Deeds in Book 1174, Page 131. *See* Complaint Ex. E.

The subject Promissory Notes were reamortized by virtue of a number of Reamortization and/or Deferral Agreements that are executed by each of the Curtises and are dated:

(1) March 7, 1992, *see* Complaint Exs. F and G;

(2) June 7, 1995, *see* Complaint Exs. H and I;

(3) November 10, 1998, *see* Complaint Exs. J and K; and

(4) October 10, 2000, *see* Complaint Exs. L and M.

On November 1, 2003, Scottie L. Curtis died and Julie M. Curtis is now the sole owner of the described property. *See* Complaint Ex. P (Supplemental Certificate of Death). The Promissory Notes were reamortized once again by virtue of Reamortization and/or Deferral Agreements dated March 10, 2005, which are executed by Julie M. Curtis. *See* Complaint Exs. N and O.

The Promissory Notes and Reamortization Agreements provide that failure to make payments when due or to perform any other agreement contained therein shall constitute default on any instrument securing or otherwise relating to such debt; and on any other instrument evi-

dencing a debt of the borrower owed to or insured by the United States Government, and that a default under any other such instrument shall constitute a default under said Promissory Notes and Reamortization Agreements. Julie M. Curtis failed to comply with the provisions and conditions of the said Promissory Notes, Reamortization Agreements, and Real Estate Mortgages by failing to make payments of principal and interest when due, and by failing to make payments of taxes when due, thus making it necessary for the Plaintiff to pay the same to protect its interest.

With respect to the parties-in-interest, the record establishes that the following parties have recorded liens against the subject property that are subordinate to Plaintiff's interest:

(1) Maritime Energy's lien on the property dated February 1, 1991, and recorded on February 13, 1991 in the Knox County Registry of Deeds in Book 1477, Page 163, *see* Complaint ¶ 18 and Ex. R;

(2) William J. Knowlton d/b/a Bill Knowlton Water Wells's lien on the property dated May 27, 1992, and recorded on November 16, 1992, in the Knox County Registry of Deeds in Book 1650, Page 297, *see* Complaint ¶ 19 and Ex. S;

(3) Maine State Housing Authority's lien on the property dated March 1, 1993, and recorded on March 11, 1993, in the Knox County Registry of Deeds in Book 1684, Page 042 and an Assignment of Mortgage dated April 6, 1993 and recorded in the Knox County Registry of Deeds in Book 1748, Page 296, *see* Complaint ¶ 20 and Ex. T and U;

(4) Key Bank of Maine's lien on the property dated February 10, 1994, and recorded on February 18, 1994, in the Knox County Registry of Deeds in Book 1793, Page 340, *see* Complaint ¶ 21 and Ex. V;

(5) The U.S. Department of Treasury Internal Revenue Service's federal tax lien on the property dated October 22, 1996, and recorded on November 1, 1996, in the Knox County Registry of Deeds in Book 2069, Page 95, *see* Complaint ¶ 17 and Ex. Q;

(6) Penobscot Bay Medical Center's lien on the property dated December 16, 1996, and recorded on April 14, 1997, in the Knox County Registry of Deeds in Book 2111, Page 316, *see* Complaint ¶ 22 and Ex. W;

(7) Harpster Receivables Management Corporation's lien on the property dated March 8, 2002, and recorded on March 21, 2002, in the Knox County Registry of Deeds in Book 2748, Page 337, *see* Complaint ¶ 23 and Ex. X;

(8) Maine State Housing Authority's lien on the property dated May 3, 2004, and recorded on May 6, 2004, in the Knox County Registry of Deeds in Book 3209, Page 24 and an Assignment of Mortgage dated May 6, 2004 and recorded in the Knox County Registry of Deeds in Book 3209, Page 28, *see* Complaint ¶ 24 and Exs. Y and Z.

## CONCLUSION

The entry of default against Defendant establishes Plaintiff's entitlement to foreclosure. There being no disputed issues of material fact in the summary judgment record regarding the parties-in-interest Maine State Housing Authority, Penobscot Bay Medical Center, and Harpster Receivables Management Corporation, Plaintiff is entitled to Summary Judgment on its claim of priority over the liens of those parties-in-interest.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Summary Judgment be, and it is hereby, **GRANTED** as against the parties-in-interest Maine State Hous-

ing Authority, Penobscot Bay Medical Center, and Harpster Receivables Management Corporation. It is further **ORDERED** that Plaintiff file a proposed Judgment of Foreclosure and Sale within thirty (30) days of the date of this Order setting forth the liens of the parties-in-interest in order of priority and the amounts owed on each lien. Before filing the proposed Judgment of Foreclosure and Sale, Plaintiff and the parties-in-interest shall attempt to come to agreement on the order of priority of each lien and the amount owed on each lien. If Plaintiff and the parties-in-interest are unable to come to agreement such disagreement should be noted by filing an objection to the proposed Judgment of Foreclosure and Sale to be filed by Plaintiff.