

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-14-2007

# Subramanian v. Frost

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3294

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Subramanian v. Frost" (2007). *2007 Decisions.* Paper 593.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/593

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-3294

_____

IN RE: RAVI SUBRAMANIAN;
RAJALAKSHMI SUBRAMANIAN,
            Appellants

BARRY W. FROST; CHAPTER 7 TRUSTEE,
and HSBC BANK, NA, as successor by
merger to HSBC BANK USA, for itself
and as collateral agent for BANK
OF BARODA

v.

RAVI SUBRAMANIAN;
RAJALAKSHMI SUBRAMANIAN

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 05-cv-05098)
District Judge:  Honorable Mary Little Cooper

_____

Argued July 10, 2007
Before:  RENDELL and AMBRO, <u>Circuit</u> <u>Judges</u>,
and SHAPIRO, * <u>District</u> <u>Judge</u>.

(Filed:  August 14, 2007 )

_____

_____

    **\*Honorable Norma L. Shapiro, Senior Judge of the United States District Court for
the Eastern District of Pennsylvania, sitting by designation.

John F. Bracaglia, Jr.    **[ARGUED]**
Cohn, Bracaglia & Gropper
275 East Main Street
P.O. Box 1094
Somerville, NJ  08876
   *Counsel for Appellants*

Barry W. Frost
Teich, Groh, Frost & Zindler
691 State Highway 33
Trenton, NJ  08619

John R. Altieri    **[ARGUED]**
25 Salem Street
P.O. Box 279
Hackensack, NJ  07601
   *Counsel for Appellees*

OPINION OF THE COURT

RENDELL, *Circuit Judge*.

Debtors Ravi and Rajalakshmi Subramanian appeal the District Court's order affirming the Bankruptcy Court's order denying debtors' motion to vacate the default judgment entered against them in the bankruptcy adversary proceeding initiated by the Chapter 7 Bankruptcy Trustee and creditor HSBC.  For the reasons set forth below, we will affirm.

I.

In November 2002, judgment was entered in the United States District Court for the Southern District of New York in favor of creditor HSBC against debtor Ravi Subramanian, and several of the companies of which Subramanian was a principal and an

insider: Silverline Technologies, Inc. (STI), Silverline Technologies Limited (STL), and Seranova, Inc. ("Seranova"). Judgment was entered against Subramanian pursuant to his guaranty of STI's obligations to HSBC. STL is the India-based parent company of STI and is purportedly insolvent. Both STI and Seranova filed for bankruptcy in 2003.

Debtors filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey on January 6, 2004. Thereafter, Barry W. Frost was appointed Chapter 7 Trustee of the Estate. In September 2004, Frost and HSBC filed a complaint seeking denial of debtors' bankruptcy discharge pursuant to 11 U.S.C. § 727(a)(2)(A)-(B), (3), (4)(a), (5), (6) and (7), and § 523(a)(2)(B) and (a)(6). The complaint sets forth, in 199 paragraphs, the facts supporting plaintiffs' claims that debtors should be denied a discharge. On October 1, 2004, the complaint was served on debtors by U.S. mail to their counsel pursuant to Fed. R. Bankr. P. 7004(b)(9).

Debtors failed to file a timely answer to the complaint. The answer was hand delivered to the courthouse by debtors' counsel on November 3, three days after the answer deadline and, according to the time stamps from the Clerk's Office, 40 minutes after plaintiffs filed a request for entry of a default. The answer asserted a general denial as to every allegation in the complaint. The Clerk's Office granted the request for a default on November 4 and debtors did not thereafter move to vacate the default. On December 6, 2004, plaintiffs moved for entry of judgment by default. Debtors did not respond to this motion. The Bankruptcy Court granted the motion for judgment by default on January 11, 2005, and ordered that the debtors were barred from receiving a

3

discharge pursuant to 11 U.S.C. § 727(a)(6)(A) and (a)(3).

Debtors then moved on January 27, 2005 to vacate the default judgment. The motion was not accompanied by a memorandum of law. Debtors' counsel attested that he did not receive a mailed copy of the motion for default judgment. He did not, however, dispute that he was aware that a default had been entered by the Clerk's Office. After a hearing on March 7, 2005, the Bankruptcy Court entered an order on April 13, 2005 denying the motion to vacate the default judgment without prejudice and *sua sponte* relieving debtors' counsel. Debtors retained new counsel and again moved on May 25, 2005 pursuant to Rule 60(b) to vacate the default judgment. The motion was accompanied by a memorandum of law and a certification from Mr. Subramanian that addressed some of the allegations in the complaint. Debtors also sought leave to file an amended answer and informed the Court that they would file an amended petition to address any unresolved discrepancies in their initial filing.

On September 13, 2005, the Bankruptcy Court denied debtors' second motion to vacate the default judgment. *In re Subramanian*, No. 04-2685, slip op. at 2 (D.N.J. Bankr. Sept. 13, 2005). The Court concluded that debtors could seek relief from the default judgment under Rule 60(b)(1) based on the "excusable neglect" of their counsel, but could not seek relief under Rule 60(b)(6) based on "exceptional circumstances" because they were not without blame for the entry of the default. *Id.* at 6-7. The Court set forth the three factors that must be considered when determining whether to vacate a default judgment pursuant to Rule 60(b)(1): (1) whether the plaintiff will be prejudiced;

4

(2) whether the defendants have a meritorious defense; and (3) whether the default was the result of the defendants' culpable conduct. *Id.* at 7 (citing *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985)). As to the second factor, whether the defendants have a meritorious defense, the Bankruptcy Court concluded that debtors failed to answer, in whole or in part, Counts 5, 7, 12, 13, 16, 22, 23, 23[a],[1] and 26 of the Complaint, and the unanswered allegations in those counts were therefore treated as having been confessed against debtors. *Id.* at 9. The Court did not address the other two *Gold Kist* factors because debtors did not satisfy the threshold requirement of setting forth a meritorious defense, and thus could not prevail on their motion to vacate the default judgment. *Id.* at 11.

Debtors appealed. The District Court affirmed the order of the Bankruptcy Court, and noted that debtors failed to respond at all to the allegations in Counts 5, 12, 13, and 16 of the Complaint and only responded in part to several of the allegations in the other counts in the Complaint, including those in Counts 7, 22, 23[a], and 26. *In re Subramanian*, No. 05-5098, slip op. at 2 (D.N.J. June 14, 2006).

Debtors then appealed the order of the District Court, and filed a motion for a stay in that Court. As part of their motion for a stay, debtors submitted a supplemental certification, which provided more detailed responses to particular allegations in the complaint. Since this certification was not before either the Bankruptcy Court or the

---

[1]The Complaint is misnumbered so that there are two separate claims labeled "Twenty-Third Claim for Relief."

5

District Court, we will not consider it on appeal.[2]  *See In re Application of Adan*, 437 F.3d 381, 388 n.3 (3d Cir. 2006) ("[W]e will not consider new evidence on appeal absent extraordinary circumstances, such as those that render the case moot or alter the appropriateness of injunctive relief, a change in pertinent law, or facts of which a court may take judicial notice.").

## II.

The District Court had jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1).  We have jurisdiction pursuant to 28 U.S.C. § 158(d).  Our review of the District Court's decision effectively amounts to review of the Bankruptcy Court's opinion in the first instance, *In re Hechinger Inv. Co. of Delaware*, 298 F.3d 219, 224 (3d Cir. 2002), because our standard of review is "the same as that exercised by the District Court over the decision of the Bankruptcy Court," *In re Schick*, 418 F.3d 321, 323 (3d Cir. 2005).

We review the Bankruptcy Court's findings of fact for clear error and exercise plenary review over questions of law.  *In re Fruehauf Trailer Corp.*, 444 F.3d 203, 209-10 (3d Cir. 2006).  "Absent legal error, we review the court's refusal to set aside a default judgment under Rule 60(b) only for abuse of discretion."  *See In re The Home Restaurants, Inc.,* 285 F.3d 111, 113 (1st Cir. 2002).  "A bankruptcy court abuses its

---

[2]The supplemental certification in support of debtors' motion for a stay was submitted to the District Court in September 2006, after the District Court had already entered an order on June 14, 2006 affirming the judgment of the Bankruptcy Court.

discretion when its ruling is founded on an error of law or a misapplication of law to the facts." *In re O'Brien Environmental Energy, Inc.*, 188 F.3d 116, 122 (3d Cir. 1999).

Bankruptcy Rule 9024, concerning "relief from judgment or order," incorporates Federal Rule of Civil Procedure 60.[3] Rule 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

Debtors sought to vacate the default judgment pursuant to Rule 60(b)(1) or, in the alternative, pursuant to Rule 60(b)(6).

## A. Rule 60(b)(1): Excusable Neglect

Debtors argued that the default judgment should be vacated under Rule 60(b)(1) based on the "excusable neglect" of their counsel. A court ruling on a motion to set aside a default judgment under Rule 60(b)(1), "must consider the following three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious

---

[3]Rule 9024 provides: "Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(b), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330."

defense; and (3) whether the default was the result of the defendant's culpable conduct." *Gold Kist*, 756 F.2d at 19.

The threshold question is whether the defendant has a meritorious defense. *Resolution Trust Corp. v. Forest Grove*, 33 F.3d 284, 288 (3d Cir. 1994). "[A] defendant does not have the right to have a default judgment set aside automatically upon alleging a defense. Rather, we imposed a more stringent standard which requires that a defendant seeking to set aside a default judgment set forth with some specificity the grounds for his defense. The court must then evaluate that defense to determine whether it is meritorious." *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988). As we noted in *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192 (3d Cir. 1984), "[i]f we allow the setting aside of a default judgment on the mere recitation of the relevant statutory language or a phrase in the Federal Rules of Civil Procedure, then we will be establishing a new right to automatically set aside any default judgment if counsel is diligent enough to quote the applicable statute or rule of civil procedure." *Id.* at 196. It is sufficient that the proffered defense is not "facially unmeritorious." *Emcasco Ins. Co. v. Sambrick,* 834 F.2d 71, 74 (3d Cir. 1987).

Debtors argue that the Bankruptcy Court erred in concluding that they failed to assert a meritorious defense to the allegations in the complaint. Debtors contend that they responded to every "category of allegation" with four defenses. First, they asserted that the alleged apparent inconsistencies in their deposition testimony could be explained by the fact that "a deponent responding to questions involving $70,285,406.00 of debt,

numerous companies, countries, and individuals, cannot reasonably be expected to not only remember every detail of every transaction, but more importantly, to give the answer in precisely the same fashion at each and every deposition." Appellants' Br. 16. Second, the alleged inconsistencies between their petition and their testimony could be explained by the fact that their prior counsel spent only about one hour with debtors preparing the bankruptcy petition. Third, debtors sought leave to file an amended answer to properly respond to each of the allegations in the complaint. Fourth, debtors intended to file an amended bankruptcy petition to address the discrepancies raised by plaintiffs.

We agree with the District Court that the Bankruptcy Court did not abuse its discretion in denying debtors' motion to vacate the default judgment pursuant to Rule 60(b)(1) because debtors failed to assert a meritorious defense as to all of the allegations in the complaint.

Debtors failed to assert any defense to the claim in Count 7 of the Complaint that they should be denied a discharge pursuant to § 727(a)(4)(A) of the Bankruptcy Code because they knowingly and fraudulently made false statements concerning Mrs. Subramanian's employment at Ecomserver, as evidenced by the fact that several checks were written to Mrs. Subramanian for amounts greater than her salary and one check for "House Rent - Feb." App. 526. When asked at his deposition why a check from Ecomserver to Mrs. Subramanian would say that it was for "house rent" in the memo line, Mr. Subramanian replied "I don't know." App. 465.

Debtors also failed to assert a defense to the claim in Count 22 of the Complaint

9

that they should be denied a discharge pursuant to § 727(a)(7) of the Bankruptcy Code because they, during the bankruptcy case or within one year before the date of the filing of the petition, transferred the property of an insider, Silverline Holding Corp., with the intent to hinder, delay, or defraud the Silverline Holding creditors. Specifically, plaintiffs allege that debtors transferred a BMW owned by Silverline Holding Corp. to Mrs. Subramanian in exchange for very little money, even though the car was valued at $15,000 by debtors.

In addition, debtors failed to assert a defense to the claim in Count 23 of the Complaint that they should be denied a discharge pursuant to § 727(a)(4)(A), (a)(5), and (a)(7) of the Bankruptcy Code because they knowingly made false statements, concealed property of an insider and failed to adequately explain an insider's loss of assets. Specifically, the complaint alleges that Mr. Subramanian lied on STI's bankruptcy schedules by failing to include the interests of a subsidiary of STI, a company called Expo 24-7. Debtors also failed to assert a defense to the claim in Count 23[a] of the Complaint that debtors should be denied a discharge because they knowingly made false statements concerning Unified Herbal, and willfully and maliciously injured creditor HSBC by making false statements concerning Unified Herbal. Specifically, the complaint alleges that Mr. Subramanian made false statements to HSBC with regard to STI's rights to collect the Unified Herbal receivables.

Finally, debtors failed to assert a defense to the claim in Count 26 of the Complaint that they should be denied a discharge because Mr. Subramanian knowingly made a false

10

statement in writing concerning the financial condition of an insider, upon which HSBC relied, that Mr. Subramanian failed to adequately explain the loss of an insider's assets, and that Mr. Subramanian willfully and maliciously injured creditor HSBC. Specifically, the complaint alleges that Mr. Subramanian signed borrowing base certifications for STI in March and April 2002 showing gross receivables for STI of $70-71 million. Then, in a June 12, 2002 affidavit, Mr. Subramanian stated that STI had gross receivables of $36 million as of March 31, 2002. He stated in a June 26, 2002 affidavit that STI had gross receivables of $25 million as of June 26, 2002. Mr. Subramanian failed to explain the discrepancies in the amounts he provided as compared to the actual amounts, or, if these were true representations, failed to explain the drastic loss in value of the STI receivables.

We find no error in the Bankruptcy Court's finding that debtors failed to assert a meritorious defense to these allegations in Counts 7, 22, 23, 23[a], and 26 of the Complaint, and therefore conclude that the Court did not abuse its discretion in denying debtors' motion to vacate the default judgment.

## B. Rule 60(b)(6): Exceptional Circumstances

Debtors argue in the alternative that, even if they are not entitled to relief under Rule 60(b)(1), they are entitled to relief from the judgment pursuant to Rule 60(b)(6) due to "exceptional circumstances," namely, the gross negligence of their counsel. Relief under 60(b)(6) is only available where the other subsections of Rule 60(b) do not apply. *Medunic v. Lederer*, 533 F.2d 891, 893 (3d Cir. 1976). Actions of counsel that constitute "excusable neglect" are properly considered as a basis to set aside a judgment under Rule

11

60(b)(1), while actions by counsel that constitute inexcusable "gross negligence" can be "exceptional circumstances" justifying relief under Rule 60(b)(6). *See Boughner v. Sec'y of Health, Ed. & Welfare*, 572 F.2d 976, 978-79 (3d Cir. 1978) (finding inexcusable gross negligence of attorney in failing to respond to summary judgment motion was, in light of "the absence of neglect by the parties," an "exceptional circumstance" justifying relief from judgment under Rule 60(b)(6)).

Debtors argue that their attorney was grossly negligent in failing to file a timely answer, that they were not to blame for their attorney's gross negligence, and that they are therefore entitled to relief from judgment. Since the record before us does not show that the conduct of debtors' counsel "indicates neglect so gross that it is inexcusable," we find no error in the conclusion that debtors failed to show "extraordinary circumstances" that would entitle them to relief from judgment under Rule 60(b)(6). *See Boughner,* 572 F.2d at 978 (finding "gross negligence" where counsel's "egregious conduct amounted to nothing short of leaving his clients unrepresented"). Here, debtors were well aware of the progress of the proceedings in the District Court and of their counsel's actions. Debtors were sent a copy of the motion for entry of default and the motion for default judgment, which were mailed to their residences in India and New Jersey. There is no evidence that debtors made any inquiries to their counsel or the court following receipt of these motions, nor have debtors argued that their counsel made any misrepresentations to them concerning the status of their case. Accordingly, we find no error in the Bankruptcy Court's ruling that debtors failed to show their entitlement to relief from judgment under

12

Rule 60(b)(6).

## III.

Accordingly, for the reasons set forth, we will affirm the District Court's order affirming the Bankruptcy Court's order denying debtors' motion to vacate the default judgment entered against them.

SHAPIRO, District Judge, Concurring.

I agree with Judge Rendell's well-reasoned opinion that appellants' second motion to vacate the default judgment failed to assert a meritorious defense to a number of allegations of the adversary complaint and therefore the denial of the motion should be affirmed.

However, I write separately to note disapproval of the prolix adversary complaint, consisting of 199 allegations in 52 pages and numerous pages of 32 evidentiary exhibits (A-FF) in support of the allegations.

Bankruptcy Rule 7008 provides that Fed. R. Civ. P. 8 applies in adversary proceedings. Fed. R. Civ. P. 8(a)(2) requires, in pertinent part, that a pleading shall contain:

> "A short and plain statement of the claim showing that
> the pleader is entitled to relief . . ." .

Bankruptcy Rule 7009 provides that Fed. R. Civ. P. 9 applies in adversary proceedings. Fed. R. Civ. P. 9(b) provides that:

13

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

This complaint by the Chapter 7 Trustee and a creditor bank objects to discharge of debtors and dischargeability to the bank on account of "an ongoing pattern of evasion and deceit." (Compl. ¶ 6). It states not only the requisite allegations as to the parties, jurisdiction, and venue, but also 80 paragraphs of introduction, before alleging 26 claims for relief in 113 additional paragraphs, each of which refers to some or all of the prior "introductory" allegations.

Stating with particularity circumstances constituting fraud does not require unnecessarily repetitive statements. "Fact" pleading is discouraged by the Federal Rules of Civil Procedure and a complaint, protracted by the inclusion of evidence, is an imposition on the adverse party and the court.

If the motion to vacate the default judgment were denied solely for failure to answer the complaint timely, affirming might be a problem because of the nature and structure of this complaint; but the Bankruptcy Judge allowed appellants to file a renewed motion to vacate more than four months after the default judgment was entered. As the opinion states, that motion failed to offer meritorious defenses to a number of the claims for relief although there was adequate time to do so. The Bankruptcy Judge (A81) and the District Judge (AA118) both found that proof of any one of those claims would warrant denial of discharge. Therefore, I concur in the opinion and judgment to affirm.

14