ing, however, in the language used to relieve the libellant of his obligation to furnish a seaworthy vessel. Patton-Tully Transp. Co. v. Barrett, 6 Cir., 37 F.2d 516.

The respondents have testified that the port shrouds parted in a moderate southwesterly breeze of not more than ten miles an hour. This was corroborated by Smith of the oyster boat, who said that it was a moderate day all through until late in the afternoon. There is no evidence of any abnormal seas or of any undue strain on the port shrouds. Neither is there anything to support the contention that the vessel was improperly handled. The only reasonable explanation of the accident is that the port shrouds parted because they were defective. This is borne out by the appearance of the broken ends at the trial. They showed considerable deterioration due to corrosion, which, I think, fully accounts for the breaking of the shrouds. I accordingly hold that the libellant failed in his obligation to furnish a seaworthy vessel.

There may be a decree for the respondents dismissing the libel with costs.

HINCKS, District Judge.

Pursuant to Rule 25 of Rules of Civil Procedure, 28 U.S.C.A. following section 723c, see also 28 U.S.C.A. § 778, the petition is granted.

To be sure, it does not affirmatively appear from the allegations of the petition that the plaintiff died within two years prior thereto. However, this fact was conceded in defendant's brief, and it would be futile to delay the admission of the administratrix for this technical deficiency in her allegations.

Ordered accordingly.

### YOUNG v. SCHMITT et al.
### No. 65.

District Court, W. D. Missouri, W. D.
Dec. 29, 1938.

### FEINBERG v. UNITED STATES.
### No. 3802.

District Court, D. Connecticut.
Dec. 1, 1938.

Benjamin F. Goldman, of New Haven, Conn., for plaintiff.

V. J. Sacco, Asst. U. S. Atty., of Hartford, Conn.