## EDNER v. MATHEWS.

### No. 1744.

District Court, W. D. Pennsylvania.

April 30, 1942.

Lisle D. McCall, of Du Bois, Pa., and A. E. Kountz, of Pittsburgh, Pa., for plaintiff.

P. K. Motheral and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., and Albrecht, Maguire & Mills, of Buffalo, N. Y., for defendant.

SCHOONMAKER, District Judge.

This is a proceeding in foreign attachment under the law of Pennsylvania. Defendant George B. Mathews died on Feb-

874

ruary 4, 1942; and letters testamentary were duly issued to Jennie R. Mathews by the Surrogate Court of Erie County, New York. The plaintiff has moved to substitute her as a party defendant in this case.

Under Pennsylvania law, when a defendant in a foreign attachment dies, the action abates. See Ionian Bank, Ltd. v. Mamatos et al., 340 Pa. 52, 16 A.2d 397, 131 A.L.R. 1141.

Notwithstanding this Pennsylvania rule, the plaintiff urges that pursuant to the provisions of Rule 64 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, this foreign attachment proceeding must be prosecuted in accordance with Federal rules; that therefore in view of the death of Mathews, the executrix of his estate may be substituted as defendant under Rule 25(a) (1) of the Federal Rules. However, that rule provides for substitution "if a party dies and the claim is not thereby extinguished." In the instant case, the foreign attachment abated at the death of Mathews. Therefore, there is no right under Rule 25(a) (1) to substitute his executrix.

The motion to substitute the executrix as party defendant will therefore be denied. An order may be submitted accordingly.