**MALLONEE et al. v. FAHEY et al.**

No. ——, October Term, 1952.

United States Court of Appeals
Ninth Circuit.

Nov. 20, 1952.

Charles K. Chapman, Long Beach, Cal., for the petitioner.

Donald B. MacGuineas and Acting Solicitor Gen., Robert L. Stern, Washington, D. C., for the Government.

DOUGLAS, Circuit Justice.

This application arises out of litigation which started in 1946 when petitioners filed suit in the Federal District Court for the Southern District of California, D.C., 68 F.Supp. 418, against the late John H. Fahey and others for the alleged wrongful seizure of the property of the Long Beach Savings and Loan Association, pursuant to § 5(d) of the Home Owners' Loan Act of 1933, as amended, 12 U.S.C.A. § 1464(d). The case was before this Court in Fahey v. Mallonee, 332 U.S. 245, 67 S.Ct. 1552, 91 L.Ed. 2030, in which we held § 5(d) to be constitutional. And see Ex parte Fahey, 332 U.S. 258, 67

S.Ct. 1558, 91 L.Ed. 2041. Following our decision, the District Court, proceeding on the basis of an amended complaint, issued a preliminary injunction against the holding of administrative hearings relating to the conditions giving rise to the seizure. The Court of Appeals for the Ninth Circuit reversed on the grounds that the District Court lacked jurisdiction of the subject matter. Home Loan Bank Board v. Mallonee, 196 F.2d 336; Fahey et al. v. O'Melveny & Myers, 9 Cir., 200 F.2d 420.

Petitioners intend to file petitions for writs of certiorari to secure review of those judgments. In order to preserve the status quo, the Court of Appeals ordered a stay of all proceedings in the District Court. One of the proceedings affected by that stay was a motion filed by petitioners for the substitution of parties defendant under Rule 25 (a)(1) of the Rules of Civil Procedure, 28 U.S.C.A.[1]

Suit was brought against defendant Fahey "individually and in his representative capacity as Home Loan Bank Commissioner." In 1947, the Home Loan Bank Board succeeded to the powers of the Commissioner. Mr. Fahey remained on as a member of the Board which, together with its members, has been made a party defendant in this action. Substitutions and additions of parties have been made as

changes in Board membership have occurred. Mr. Fahey died on November 19, 1950. By their motion under Rule 25(a)(1), petitioners seek to substitute the present members of the Board "individually" in the stead of Mr. Fahey in his "individual capacity."[2] The Court of Appeals refused to vacate its stay which bars the District Court from acting on the motion. Application is made to me as Circuit Justice for an order vacating the stay insofar as it precludes such action by the District Court.

If there were a substantial question presented I would grant the stay and allow the District Court to pass on the issue. But after oral argument and a consideration of the papers filed I have concluded that on the merits no substantial question is presented.

Rule 25(a) is derived in part from former 28 U.S.C. § 778, 42 Stat. 352, see Anderson v. Yungkau, 329 U.S. 482, 67 S.Ct. 428, 91 L.Ed. 436, which provided for substitution of the executor or administrator of a party who died during the pendency of an action. It is plain, I think, that Rule 25(a)(1) applies only to the substitution of legal representatives. That is not only clear from its history;[3] it is implicit in the wording of the provision and in the cases construing it.[4] But the persons whom plaintiffs seek to substitute are successors in office of the deceased. Rule 25(d) provides for their

1. "*Rule 25. Substitution of Parties*

"(a) Death.

"(1) If a party dies and the claim is not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed as to the deceased party. The motion for substitution may be made by the successors or representatives of the deceased party or by any party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district."

2. The substitution is sought on the theory that, since survival of an action is dependent on timely substitution, see Snyder v. Buck, 340 U.S. 15, 71 S.Ct. 93, 95 L.Ed. 15, the action against Fahey individually must not be allowed to abate else the suit not survive the test laid

down by Land v. Dollar, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209, distinguishing between suits against the sovereign and suits against public officials as tortfeasors.

3. "1. The first paragraph of this rule is based upon former Equity Rule 45 (Death of Party—Revivor) and U.S.C.A., Title 28, § 778 (Death of parties; substitution of executor or administrator). The *scire facias* procedure provided for in the statute cited is superseded and the writ is abolished by Rule 81(b)." Notes of the Advisory Committee on Rules for Civil Procedure, March 1938, p. 25.

4. See Anderson v. Yungkau, supra; Winkelman v. General Motors, D.C., 30 F. Supp. 112; Feinberg v. United States, D.C., 25 F.Supp. 905; Edner v. Mathews, D.C., 44 F.Supp. 873; Swanson v. Northern Pacific R. Co., D.C., 26 F.Supp. 792; Commercial Solvents Corp. v. Jasspon, D.C., 92 F.Supp. 20; Hofheimer v. McIntee, 7 Cir., 179 F.2d 789.

920

substitution "* * * when it is shown by supplemental pleading that the successor of an officer adopts or continues or threatens to adopt or continue the action of his predecessor in enforcing a law averred to be in violation of the Constitution of the United States."[5] No different or broader base for their substitution has been granted. They are not the legal representatives of Fahey. They might conceivably be *personally* liable if, as Board members, they pursued the same policy as Fahey and ratified his alleged wrongful acts. But they can incur no liability for acts alleged to have been committed by him for which he would have been *personally* liable, even if it is assumed that any such claim against Fahey was not extinguished by his death. On this state of facts, there does not appear to be a substantial claim to any right to substitute parties defendant under Rule 25 (a)(1). Accordingly the application for an order vacating the stay of proceedings issued by the Court of Appeals is

Denied.

---

5. The persons whom plaintiffs seek to substitute under Rule 25(a) (1) have already been substituted under Rule 25(d).