Richard STENGEL, et al., Plaintiffs,

v.

MEDTRONIC INCORPORATED, Defendant.

No. CV–10–00318–TUC–RCC.

United States District Court, D. Arizona.

Signed March 16, 2015.

Filed March 17, 2015.

---

Thomas G. Cotter, Haralson Miller Pitt Feldman & McAnally PC, Tucson, AZ, for Plaintiffs.

Kathleen Kelly Kahn, Stephen M. Bressler, Lewis Roca Rothgerber LLP, Phoenix, AZ, Lisa Marie Baird, Mildred Segura, Michael Kevin Brown, Reed Smith LLP, Los Angeles, CA, for Defendant.

## ORDER

RANER C. COLLINS, Chief Judge.

Before the Court is Defendant Medtronic Inc.'s Motion to Dismiss Plaintiff's Complaint Pursuant to Fed.R.Civ.P. 12(b)(6), 15, 25 (Doc. 57). The Motion is granted in part and denied in part.

## I. Procedural & Factual Background

Plaintiffs Richard and Mary Lou Stengel filed a medical malpractice action in 2007. In that action, Plaintiffs claim that in 2005 Richard sustained injuries due to a five-day delay in a physician diagnosing a granuloma that had formed around his pain pump. During the time of the medical malpractice proceedings, Richard filed for divorce from Mary Lou.

On January 15, 2010, a few months after petitioning for divorce, Plaintiffs commenced this strict product liability action against Medtronic in Pima County Superior Court. Medtronic subsequently removed the case to district court on May 28, 2010. In this case, Plaintiffs allege that the pain pump system manufactured by Medtronic caused permanent paraplegia to Richard. Mary Lou also sought damages for loss of consortium. On July 26, 2010, the Plaintiffs' divorce was finalized. Medtronic filed a Motion to Dismiss Plaintiffs' claim as preempted by federal law, which the Court granted on November 9, 2010 (Doc. 29). Plaintiffs subsequently appealed this case to the Ninth Circuit, and on rehearing *en banc* the panel concluded that the Medical Device Amendments to the Food, Drug, and Cosmetic Act did not preempt the Plaintiffs' state-law failure-to-warn claim and that they should be permitted to file an amended complaint. The Ninth Circuit remanded the case back to this Court for further proceedings.

Medtronic subsequently filed a Petition for Writ of Certiorari with the Supreme Court. While the *cert* petition was pending, Richard passed away on October 8, 2013, and Mary Lou was appointed as the personal representative for Richard's estate. On May 30, 2014, the Solicitor General filed an invitation brief, which was the first document alerting the Supreme Court to Richard's death. On May 30, 2014, Plaintiffs' counsel filed a Suggestion of Death. The Supreme Court denied *cert* on June 23, 2014. *Medtronic, Inc. v. Stengel,* —— U.S. ——, 134 S.Ct. 2839, 189 L.Ed.2d 805 (2014). Pursuant to the Ninth Circuit's Mandate, the Court granted Plaintiffs leave to amend their Complaint, which Plaintiffs' timely filed on August 15, 2014.

## II. Discussion

Medtronic moves to dismiss Plaintiffs' Amended Complaint on the grounds that the Complaint violates Rules 15 and 25 of the Federal Rules of Civil Procedure, and that Mary Lou fails to state valid wrongful death or loss of consortium claims.

### A. Substitution of Parties Required

■ Rule 25(a) of the Federal Rules of Civil Procedure prescribes the procedures for substituting a party when a party in pending litigation dies during the course of litigation. Upon the death of a party, "[a] motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." When a claim is not extinguished, Rule 25 applies only to the substitution of legal representatives. *Mallonee v. Fahey,* 200 F.2d 918, 919 (9th Cir. 1952). Only the decedent's court-appointed personal representative has standing to bring survival action claims. *See Burnett v. Daniels,* 185 F.3d 866 (9th Cir.1999).

■ Plaintiffs argue that because the Amended Complaint does not purport or in-

tend to assert Richard's survival claims, no substitution was necessary. However, for clarity of the record, Richard's survival claims are dismissed for failure to substitute a legal representative as a party. Mary Lou was appointed personal representative of Richard's estate. Although Mary Lou has her own individual claims, she failed to substitute herself as the legal representative of Richard as required under Rule 25. As a result, Richard's action must be dismissed with prejudice because it is now too late for Mary Lou to substitute in as a party to pursue his claims.

█ Plaintiffs argue that the 90–day period for substitution should not begin to run until the matter is remanded. The Ninth Circuit remanded this matter on July 1, 2014, and Plaintiffs concede that the 90–day deadline to substitute expired on September 29, 2014. To the extent that the Court believes that a motion to substitute is or might be required, Plaintiffs move the Court to permit them to file such motion. However, even under Plaintiffs' calculation, they are over five months past the deadline for substitution of a party. Plaintiffs do not make any arguments for why their untimeliness should be excused. Therefore, Plaintiffs' request for leave to file a motion for substitution is denied.

## B. Loss of Consortium Claim

█ Medtronic asserts that Mary Lou has no valid loss of consortium claim, arguing that the extent of her loss of consortium claim fails with Richard's action. Medtronic further asserts that Mary Lou cannot have a loss of consortium claim derivative of any wrongful death action that arose when Richard died because by that time they were divorced.

█ The Court finds that Mary Lou has no valid loss of consortium claim. In Arizona, loss of consortium is a derivative claim such that "all elements of the underlying cause must be proven before the claim can exist." *Barnes v. Outlaw,* 192 Ariz. 283, 286, 964 P.2d 484 (1998); *See also Morley v. Smith,* 2007 WL 201233, at *4 (D.Ariz. Jan. 24, 2007) *aff'd,* 309 Fed.Appx. 103 (9th Cir. 2009) ("Because no underlying claims remain

against Defendants, the loss of consortium claim cannot survive"). As discussed above, because Mary Lou does not assert or intend to assert any survival action on behalf of Richard's estate, Richard's claims are dismissed. As a result, Mary Lou's derivative claim, which was supported by Richard's claims, also fails. *See Martin v. Medtronic, Inc.,* 32 F.Supp.3d 1026 (D.Ariz.2014) (Patrick's loss of consortium claim "would survive a motion to dismiss to the extent that Debra's claims survive. Because all of Debra's claims are being dismissed, Patrick's loss of consortium claim must also be dismissed.") Furthermore, Richard filed a petition for divorce from Mary Lou prior to the commencement of this suit, and several months later their divorce was finalized. Therefore, Mary Lou also lacks a valid loss of consortium claim as a derivative of any potential wrongful death action because at the time of Richard's death they were no longer married. *Kaufman v. Langhofer,* 223 Ariz. 249, 256, 222 P.3d 272, 279 (Ariz.Ct.App.2009) (A cause of action for loss of consortium is limited to spouses, parents, and children).

## C. Leave to Add New Party & Wrongful Death Claim

█ Medtronic asserts that the Court should dismiss Vincent Stengel's wrongful death claim because Plaintiffs' counsel failed to seek leave of the Court when he filed an Amended Complaint adding Vincent to the caption. Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may, before a responsive pleading is filed, amend his pleading once without leave of court, and thereafter the trial court has discretion to allow subsequent amendments.

Pursuant to the Ninth Circuit's Mandate, the Court granted Plaintiffs Richard and Mary Lou leave to amend their Complaint. Medtronic argues that the Court's "post-remand order cannot fairly be read to grant Plaintiffs' counsel permission to add a new party and new wrongful death action, given that it was in response to the Ninth Circuit's ruling allowing Richard Stengel to amend his product liability theories and claims, and given that Plaintiffs' counsel had not alerted this Court to Mr. Stengel's death." (Doc. 57, p.

8) Plaintiffs, having already received leave to amend their Complaint, presumably did not believe it was necessary to seek leave to add a new party to the action. Plaintiffs ask that the Court to grant them leave to add Vincent Stengel as a party, if the Court finds that their addition of Vincent Stengel as a party exceeded the scope of the Court's Order (Doc. 49).

Medtronic also asserts that because Vincent is not a personal representative appointed by the probate court, he is not permitted to act as the personal representative on behalf of the statutory wrongful death beneficiaries under A.R.S § 12–612(A). This argument fails. Section 12–612(A) of the Arizona Revised Statutes permits an "action for wrongful death to be brought by and in the name of the surviving husband or wife, child, parent or guardian, or personal representative of the deceased person for and on behalf of the surviving husband or wife, children or parents, or if none of these survive, on behalf of the decedent's estate." Vincent is Richard's son, and therefore he is permitted to bring a wrongful death action. Because the Plaintiffs did not seek leave of the court to add Vincent Stengel as a party, the amendment has no legal effect. *See Hoover v. Blue Cross and Blue Shield of Alabama*, 855 F.2d 1538, 1544 (11th Cir.1988) (holding that a court need not consider additional claims in an amended complaint when leave to amend has not been granted for those claims; without leave to amend, an amendment is without legal effect). The Court will deny Medtronic's Motion to Dismiss Vincent Stengel's claims and give Plaintiffs leave to add Vincent Stengel as a party.

## III. Conclusion

The Court will grant Medtronic's Motion to Dismiss Richard Stengel's claims for failure to substitute a legal representative. Because Richard Stengel's claims fail, Mary Lou's derivative claim for loss of consortium is dismissed for failure to state a valid claim. Lastly, the Court will give Plaintiffs leave to amend the Complaint to add Vincent Stengel as a party.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **granted in part and denied in part.** Richard Stengel and Mary Lou Stengel's claims shall be **dismissed with prejudice.** Furthermore, Plaintiffs are **granted leave to add Vincent Stengel** as a party. The Clerk of the Court shall enter judgment accordingly.