Suzanne SHELL, Plaintiff–Appellant,

v.

Leonard HENDERSON (Deceased); Brenda Swallow, Defendants–Appellees.

No. 14–1330.

United States Court of Appeals, Tenth Circuit.

Aug. 7, 2015.

Suzanne Shell, Elbert, CO, pro se.

Leonard Henderson, Otis, OR, pro se.

Brenda Swallow, Crestview, FL, pro se.

Daniel Bernard Slater, Dan Slater Law Office, Canon City, CO, for Defendants–Appellees.

* The Court has determined that oral argument would not materially aid our consideration of the appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

Before MATHESON, BACHARACH, and MORITZ, Circuit Judges.

## ORDER AND JUDGMENT *

ROBERT E. BACHARACH, Circuit Judge.

Ms. Suzanne Shell sued Mr. Leonard Henderson and Ms. Brenda Swallow for copyright infringement, unfair trade practices, misappropriation of trade secrets, and breach of contract. Neither Mr. Henderson nor Ms. Swallow appeared on the date set for trial. Thus, the district court declined to proceed with the trial. Instead, the court conducted a hearing under Fed.R.Civ.P. 55(b), which involves entry of default judgments. Based on this hearing, the court ruled that Ms. Shell had shown copyright infringement by Mr. Henderson, but had not proven any claims against Ms. Swallow. The district court awarded statutory damages of $5,000 against Mr. Henderson.

Ms. Shell then filed a motion to alter the judgment based on Federal Rule of Civil Procedure 59. The district court denied the motion, and Ms. Shell appealed the ruling. Shortly thereafter, Mr. Henderson died. Our appeal involves two issues:

1. Should we substitute Mr. Henderson's widow as an appellee even though we lack any information about her suitability as a personal representative under state law? We decline to do so. Without a proper party to substitute for Mr. Henderson, we dismiss this part of the appeal.

2. Should the district court have granted Ms. Shell's motion to alter the

Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.

judgment for Ms. Swallow? On this issue, we conclude the court erred. It should have granted the motion because Ms. Shell had no advance notice regarding the scope of the Rule 55(b) hearing.

In light of these conclusions, we dismiss the appeal involving Mr. Henderson and reverse the denial of Ms. Shell's motion to alter the judgment for Ms. Swallow.

## I. The Existence and Limits of Our Appellate Jurisdiction

Our jurisdiction is triggered by Ms. Shell's notice of appeal. In that notice, Ms. Shell was required to designate the order or judgment that she was appealing. *See* Fed. R.App. P. 3(c)(1)(B) ("The notice of appeal must ... designate the judgment, order, or part thereof being appealed."). Ms. Shell's notice of appeal identifies the subject of the appeal as the July 2014 Opinion and Order Denying Motions for Reconsideration and Objections to Taxation of Costs. Accordingly, our review is limited to consideration of that order.[1] *See Navani v. Shahani*, 496 F.3d 1121, 1133 (10th Cir.2007) (holding that our jurisdiction was limited to review of the two orders designated in the notice of appeal); *Scrivner v. Sonat Expl. Co.*, 242 F.3d 1288, 1290 n. 1 (10th Cir.2001) (holding that the appeal was limited to the fee order designated in the notice of appeal).

## II. The Appeal as to Mr. Henderson: The Effect of His Death

Mr. Henderson's death triggered Federal Rule of Appellate Procedure 43(a)(1), which states that when a party dies while an appeal is pending, "the decedent's personal representative may be substituted as a party on motion filed with the circuit clerk by the representative or by any party."

Ms. Shell acknowledges that no personal representative has been appointed for Mr. Henderson's estate. When a personal representative has not been appointed, Rule 43(a)(1) allows the appellate court to "direct appropriate proceedings." In this appeal, we must decide what further proceedings would be "appropriate."

Ms. Shell argues that it would be appropriate to appoint Mr. Henderson's widow as a personal representative for purposes of this appeal. This argument creates two issues:

1. Do we have authority to appoint Mr. Henderson's widow as a personal representative for purposes of this appeal?

2. If we have that authority, should we exercise it?

We need not decide the first issue because even if we have this authority, we would decline to exercise it here.

Rule 43(a)(1) authorizes substitution of a party's "personal representative." "The 'personal representative' to which Rule 43(a) refers will ordinarily be the executor or administrator of the deceased [party's] estate." *Anderson v. Romero*, 42 F.3d 1121, 1122–23 (7th Cir.1994). But Mr. Henderson's widow has not been appointed in state court as an executor or administrator.

Even if we had the power to appoint Mr. Henderson's widow, we would not exercise that power without information showing her suitability to represent the estate. To decide her suitability as a representative, we must examine state law. *See Bennett v. Tucker*, 827 F.2d 63, 68 (7th Cir.1987) ("Although the Advisory Committee did not define the words 'personal representa-

---

1. The motion included discussion of costs awarded to Ms. Swallow. But in her appeal brief, Ms. Shell has not addressed any issues involving costs.

tive[ ]' [for purposes of Federal Rule of Appellate Procedure 43(a),] we assume that this refers to an individual recognized by state law, such as an executor.").

The pertinent law is Oregon's because Mr. Henderson's estate is located in Oregon. Under Oregon law, the state court (not ours) is authorized to appoint a "qualified person" as a representative based on the existence of a will and a statutory set of preferences. Or.Rev.Stat. § 113.085(1).

▇ We have no information about the qualifications of Mr. Henderson's widow or her competency. Without this information, we lack any basis to deem Mrs. Henderson a suitable representative of the estate under Oregon law. *See Mallonee v. Fahey*, 200 F.2d 918, 919 (9th Cir.1952) (Douglas, C.J.) (stating that under Rule 43's counterpart in the Federal Rules of Civil Procedure, substitution is limited to legal representatives of the estate upon a party's death).

Because we have no one to represent Mr. Henderson's interest, we have two choices. We can dismiss the appeal involving the claim against Mr. Henderson or allow Ms. Shell to prosecute this part of the appeal unopposed. We believe it is unfair to allow the appeal to proceed against Mr. Henderson. If he had lived, he would have had the opportunity to oppose Ms. Shell's appeal. Mr. Henderson lost this opportunity with his death, and it would be inequitable to allow Ms. Shell to prosecute this appeal without anyone to defend Mr. Henderson's interest. As a result, we dismiss the appeal as to Mr. Henderson. *See Crowder v. Housing Auth. of Atlanta*, 908 F.2d 843, 846 n. 1 (11th Cir.1990) (dismissing the appeal as to the deceased appellant); *Gamble v. Thomas*, 655 F.2d 568, 569 (5th Cir.1981) (dismissing the appeal after the appellant died and no one moved for substitution of parties).

## III. The Appeal as to Ms. Swallow: The Absence of Notice

This dismissal would not affect Ms. Shell's appeal of the ruling on her motion to alter the judgment for Ms. Swallow. Here we conclude that Ms. Shell was deprived of her right to notice.

In this part of the appeal, we apply the abuse-of-discretion standard. *Headwaters Res., Inc. v. Ill. Union Ins. Co.*, 770 F.3d 885, 899 (10th Cir.2014). Under this standard, we will reverse only if we have "a definite and firm conviction that the [district] court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* (internal quotation marks omitted).

After conducting the hearing on entry of a default judgment, the district court determined that Ms. Shell had not presented sufficient evidence to sustain her claims against Ms. Swallow. Our issue involves the adequacy of notice to Ms. Shell before the hearing. The district court thought Ms. Shell should have been prepared to present evidence at the default hearing because she would have been expected to be in trial.

▇ In our view, the district court erred. Ms. Shell knew she had to present evidence to prevail in a trial. But when the court ordered a hearing under Rule 55(b), Ms. Shell was not in a trial and she could reasonably assume that her only obligation in that hearing was to prove damages.

The district court could have broadened the hearing, for default judgments are not automatic once a defendant has defaulted. *See Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir.2010) ("Once default is entered, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in

default does not admit mere conclusions of law." (internal quotation marks omitted)). Thus, in determining whether to enter a default judgment, the district court could have conducted a hearing to establish the truth of Ms. Shell's allegations. Fed. R.Civ.P. 55(b)(2)(C).

But to do so, the court needed to give Ms. Shell adequate prior notice. *See Black v. Lane*, 22 F.3d 1395, 1398 (7th Cir.1994) (stating that it was improper to dismiss claims at a hearing on damages without providing notice that the court would consider the merits); *Quirindongo Pacheco v. Rolon Morales*, 953 F.2d 15, 16 (1st Cir.1992) (per curiam) (stating that the court must make "its requirements known in advance to the plaintiff, so that he could understand the direction of the proceeding and marshall such evidence as might be available [to] him" (brackets and internal quotation marks omitted)). In our view, the court did not provide the required notice.

At the pretrial conference, the district court made remarks indicating that the hearing would involve calculation of damages, not determination of liability. For example, the court indicated an intent to hold the defendants in default for not appearing at the final pretrial conference, but would allow them to show why they should not be held in default. The court added that if the defendants failed to show adequate cause, a default would enter and Ms. Shell would need to present evidence on damages and the court would "evaluate whatever evidence [was] available to determine whether there [were] any claims [she could] prevail on." 7/25/13 Tr. at 5. Later in the conference, the court added:

> And if it turns out that the defendants do not respond to the order to show cause, showing cause why a default should not be entered against them for failure to appear here today, this will be your opportunity to present evidence of any damages that you claim to have suffered on the claims that have been identified. We'll use it as a Rule 55(b) hearing.

*Id.* at 16.

These remarks did not alert Ms. Shell to the need to present evidence to support her claims on the merits. In the absence of notice, the district court should not have expanded the hearing beyond the issue of damages. Accordingly, the district court abused its discretion in rejecting Ms. Shell's argument for alteration of the judgment based on lack of notice. In these circumstances, we reverse with instructions to vacate the order denying the motion to alter the judgment for Ms. Swallow.

On remand, the district court may choose to evaluate the claims against Ms. Swallow as though the hearing were a Rule 55(b) hearing limited to damages. In the alternative, with proper notice to Ms. Shell, the district court may expand the hearing and address the claims against Ms. Swallow on grounds other than damages.

## IV. Conclusion

We deny Ms. Shell's motion to substitute and dismiss the appeal of the judgment as to Mr. Henderson. We also reverse the order denying Ms. Shell's motion to alter the judgment for Ms. Swallow. The action is remanded for further proceedings on the claim against Ms. Swallow.