FILED
United States Court of Appeals
Tenth Circuit

November 23, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SUZANNE SHELL,

      Plaintiff - Appellant,

v.

BRENDA SWALLOW,

      Defendant - Appellee.

No. 16-1150
(D.C. No. 1:09-CV-00309-MSK-KMT)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **PHILLIPS** and **McHUGH**, Circuit Judges.
_____

Suzanne Shell, proceeding pro se, appeals the district court's order denying her motion for entry of a default judgment against Brenda Swallow on her claims for copyright infringement, unfair trade practices, misappropriation of trade secrets, and breach of contract. This is the second appeal of this matter. In the prior appeal, we held that the district court had not provided Shell sufficient notice that she was expected to produce, at the hearing for entry of default judgment, evidence supporting her claims on the merits, rather than simply on damages. *See Shell v.*

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Henderson*, 622 F. App'x 730 (10th Cir. 2015). On remand and after appropriate notice, the district court held an evidentiary hearing and entered a judgment in Swallow's favor. Shell filed two post-judgment motions, both denied by the district court. Given the timing of the motions and the notice of appeal, this court has jurisdiction to review only the final motion seeking a new trial. Swallow has not filed an appellate brief.

The district court entered judgment in Swallow's favor on January 15, 2016. Shell filed a motion to alter or amend the judgment on February 12, 2016, pursuant to Fed. R. Civ. P. 59(e). The motion was filed within 28 days after the judgment, *see* Fed. R. Civ. P. 59(b), so it tolled the time to appeal the judgment, *see* Fed. R. App. P. 4(a)(4)(A)(iv). The court denied the motion to alter or amend the judgment on February 16, 2016, which started the 30-day time to appeal. *See* Fed. R. App. P. 4(a)(1)(A). Accordingly, the notice of appeal was due no later than March 17, 2016. Shell filed a second post-judgment motion requesting a new trial on March 15, 2016. Even though the second motion was filed before the deadline for the notice of appeal, the deadline was not extended. *See Okon v. CIR*, 26 F.3d 1025, 1026 (10th Cir. 1994) ("This court has noted on several occasions the general principle that tolling motions may not be tacked together to perpetuate the prescribed time for appeal."). The district court denied the motion for new trial on April 1, 2016. Shell filed her notice of appeal on April 28, 2016, which was past the March 17, 2016 deadline. As a result, the notice of appeal is untimely as to the original judgment in favor of Swallow.

2

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Therefore, we have jurisdiction over only the second Rule 59(e) motion for a new trial.

With respect to that motion, Shell claimed the district judge's rulings in the case caused her to become disabled by post-traumatic stress disorder, thus entitling her to a new trial. She argues on appeal that the judge denied her motion for a new trial "on the basis that [she] was faking [her] disability" and "mocked the disability that [the court] inflicted on [her]." Aplt. Br. at 16. This is the theme throughout her brief: the district court was biased against her, engaged in "outright manipulation of the facts and the law," *id.* at 6, was "dishonest and disingenuous," *id.*, and issued "burdensome and abusive court orders," *id.* at 7.[1] Shell also alleged that her

---

[1] Shell's appellate brief also contains the following allegations against the district judge: (1) "The District Court administered the case with its thumb on the scales of justice to ensure that this Plaintiff could not prevail and which had the intended effect of dramatically increasing the Plaintiff's costs of litigation as well as resulting in a fundamentally unfair process and a predetermined outcome detrimental to the Plaintiff," Aplt. Br. at 3; (2) "the judge['s] . . . reasoning was so bizarre that it appeared to be rendered under the influence of some mind-altering substance," *id.* at 5; (3) the judge chose "to escalate her outrageous design to deny [Shell] justice," *id.*; (4) the judge demonstrated a "blatant and profane . . . abuse of judicial discretion and abuse of the authority she holds by virtue of her appointment to this bench," *id.* at 6; (5) "[t]he judge has consistently demonstrated she has no regard for the law, no regard for the venerable institution that she represents, and no regard for parties who appear before her. . . . She uses the law as a weapon to inflict harm, not as a tool to effect justice," *id.*; (6) "[t]his judge has repeatedly set traps and triggered them with similar bizarre contortions of the law to foreclose all legal remedies available to [Shell], *id.*; and (7) the judge issued "burdensome and abusive court orders that were not enforced, but also included the judge rewriting [Shell's] pleadings and the defendants'[] pleadings to support outcomes favorable to the defendants, . . . in other words, lying," *id.* at 7.

3

"experience before this judge was so egregious that [she is] permanently disabled." *Id.* at 8. The basis of Shell's claims are adverse rulings by the district court.

We affirm the district court's order denying the motion for a new trial because Shell "has forfeited [her] right to a review of that decision," *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Her appellate brief "contain[s] no argument of substance, and the scurrilous tone convinces us to refrain from exercising any discretion we may have to delve for substance in a pro se pleading." *Id.* We recognize that "a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal proceedings drafted by lawyers." *Id.* (brackets, and internal quotation marks omitted). Nevertheless, "pro se parties [must] follow the same rules of procedure that govern other litigants . . . [and] the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* (citations, brackets, and internal quotation marks omitted). In sum, Shell has failed to identify any legal basis for relief from this court.

Indeed, Shell's appellate brief does "little more than attempt to impugn (without basis) the integrity of the district judge. Such writings are intolerable, and we will not tolerate them." *Id.* at 841. If a brief is "abusive or contain[s] offensive language, [it] may be stricken *sua sponte* under the inherent powers of the court." *Id.* (internal quotation marks omitted). As noted, pro se litigants are typically granted leniency, however, "[t]his court simply will not allow liberal pleading rules and pro se practice to be a vehicle for abusive documents. Our pro se practice is a shield

4

against the technical requirements of a past age; it is not a sword with which to insult a trial judge." *Id.* (internal quotation marks omitted).

The district court denied Shell's motion to proceed on appeal in forma pauperis (IFP). She has renewed the motion in this court. "In order to succeed on [her] motion, an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). We conclude that Shell has not made a reasoned, nonfrivolous argument and therefore deny her IFP motion.

The district court's order is affirmed. Even though we affirm, this "does not relieve [Shell] of [her] obligation to pay the filing fee in full." *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1249 (10th Cir. 2007). Shell is directed to pay all filing and docketing fees in full to the Clerk of the District Court for the District of Colorado.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

5